## BOLSTER *v.* CATTERLIN.

By ch. 18, Acts of 1855, the objection that the complaint does not set forth a sufficient cause of action, may be made on appeal, though not raised in the Court below.

An injunction will lie to prevent the commission of a mere trespass only in cases where irreparable injury would result and the plaintiff has no other remedy.

APPEAL from the *Laporte* Circuit Court.

DAVISON, J.—The complaint in this case charges that *Catterlin*, who was the plaintiff, was the owner in fee of an eighty-acre tract of land lying on both sides of a section line; that in the year 1835 a county road was located on said line, across the middle of the land, dividing it into two forty-acre tracts, which was opened as located, upon the line run by the government, and while the blazes were yet visible; that in the same year the plaintiff built a dwelling house, and commenced making improvements on his land —fenced the road on both sides, where it passes through the land, and has built his house, made improvements and planted ornamental trees, with a view to the road as opened and fenced; that he has resided on the land continuously for the last twenty years; and that the road has been so fenced for the last thirteen years. It is averred that the location of the road had never been changed by competent authority; but that *Bolster*, the defendant, who was the supervisor of the district in which it was located, claiming that it was not opened on the true section line, threatened

and intended to move the road twenty feet east, and with that view had actually commenced tearing down and removing the fence, &c. The prayer is for an injunction, &c.

The defendant answered, 1. By a special denial. 2. That the road, as opened and fenced, is altogether on the west side of the section line, when it should have been upon the line—that is to say, one-half on the east side and the other half on the west side thereof. And that defendant, as supervisor, in the discharge of his duty as such, has sought to open the road upon the line, &c. 3. That plaintiff had made his improvements with reference to the road as defendant proposed to open it; that his house, garden and ornamental trees, were on the west side of the road, and that defendant was about to remove the road twenty feet east—so that such removal would not injure any of the plaintiff's improvements.

To the second and third paragraphs, demurrers were sustained. The issues made by the special denial were submitted to the Court, who found for the plaintiff, and thereupon it was adjudged that the defendant be enjoined, &c.

The evidence not being in the record, the only question to settle relates to the action of the Court in sustaining the demurrers. The appellant contends that he was entitled to a judgment, though the defenses set up may have been defective; that the demurrers to the answer authorized him to attack the complaint; and that that pleading does not state facts sufficient to constitute a cause of action. Section 50, ch. 1 of the 2 R. S. of 1852, enumerates six causes of demurrer, and declares that for no other cause shall a demurrer be sustained. But there is a subsequent enactment which says—" When any of the causes of demurrer enumerated in section *fifty* do not appear upon the face of the complaint, the objection (except for misjoinder of causes) may be taken by answer. If no such objection is taken, either by demurrer or answer, the defendant shall be deemed to have waived the same, except the objection to the jurisdiction of the Court over the subject of the action,

and the objection that the complaint does not state facts sufficient to constitute a cause of action." Acts of 1855, p. 60.

The appellee concedes that, under these rules of practice, the alleged defect in the complaint is not waived, but may be reached upon demurrer to the answer. Still he contends that, in this instance, the objection is not available, because it does not appear to have been raised in the Circuit Court—that this Court can only decide those points which have been submitted to the Court below, where an exception has been formally taken and made a matter of record. This is evidently a correct exposition of a general rule of practice; but it is quite obvious that the question under consideration involves an exception to that rule. The act to which we have referred, in effect says that the defendant, though he fails to demur, does not waive an objection to the complaint, either for a defect of jurisdiction, or its failure to set forth a sufficient cause of action. And it has been often decided, that such defects may be noticed at any time when the question is raised, even after judgment, on appeal. *Raynor* v. *Clark*, 7 Barb. 581.—*Willey* v. *Strickland*, 8 Ind. R. 453.—*Barnard* v. *Haworth*, 9 Ind. R. 103.—Van Santvoord's Pl. 652, 653. Where, upon the statements in the complaint the plaintiff is not entitled in law to a judgment in his favor, judgment should be rendered for the defendant, though a verdict has been found against him. 2 R. S. p. 121, § 372.

We are next to inquire whether the facts stated in the complaint authorize the injunction? Formerly such relief was allowed only in instances of waste, in cases where a privity of title existed between the parties; but the ancient rule has been relaxed, so that an injunction will now lie to prevent the commission of a mere trespass, where irreparable injury would be the result, and where the plaintiff would have no other adequate remedy. Waterman's Eden on Inj. 281.—8 Blackf. 377. In *Jerome* v. *Ross*, 7 Johns. Ch. 334, Ch. KENT says: "I do not know of a case in which an injunction has been granted to restrain a trespasser, merely because he was a trespasser, without show-

May Term,
1858.

THE EVANS-
VILLE, &c.,
RAILR'D Co.
v.
FITZPA-
TRICK.

ing that the property itself was of peculiar value, and could not admit of recompense, and would be destroyed by repeated acts of trespass." In the case at bar, the complaint charges that the road in question was laid out and opened in the year 1835, upon what was then believed to be the section line, and since that year has been used as a road and never has been changed by competent authority. Now if these charges be true, the defendant, in his attempt to remove the road, acted without the scope of his authority as supervisor, and was guilty of a trespass. Still, however, the inquiry arises, would irreparable injury be the result of such trespass? It is averred that the plaintiff built his house, made improvements, and planted ornamental trees, with a view to the road as opened and fenced; though it is not shown that by its removal the enjoyment or value of his farm would in any degree be impaired. There is, indeed, but one averment upon which the object of the suit can be supposed to rest, viz., "that the defendant had threatened and intended to remove the road, and with that view had actually commenced removing the fences;" and that, it seems to us, avers simply an intent to commit a naked trespass—one not irreparable, but the subject of full recompense in damages. The facts stated in the complaint do not, in our opinion, authorize an injunction. It follows that the judgment must be reversed.

*Per Curiam.*— The judgment is reversed with costs.

*A. L. Osborn* and *D. J. Woodward*, for the appellant.

*J. B. Niles*, for the appellee.