LEWIS and Others *v.* ROUGH.

HIGHWAY.—INJUNCTION.—TRESPASS.—Where the defendants threatened to take possession of a part of the lands of the plaintiff, remove his fences and throw open a great portion of his lands to the public and deprive him of the use thereof, for the purpose of opening a highway through the same, under an order of the board of county commissioners, alleged to be void, and the plaintiff asked an order enjoining the defendants,

*Held,* that if the defendants committed the threatened trespass, and the plaintiff established his right at law, and the defendants nevertheless persisted in the wrongful use of the plaintiff's lands for the purposes of a highway, then a court of equity would grant relief, on the grounds of suppressing litigation, and of preventing a multitude of suits.

APPEAL from the *Floyd* Circuit Court.

GREGORY, C. J.—The appellee filed his complaint in the court below against the township trustee, the board of county commissioners and the supervisor of roads in his district, to enjoin them from opening a public highway through his lands. The complaint alleges that the lands of the plaintiff are inclosed by fences; that they are farming lands and cultivated yearly by the plaintiff; that he has never authorized the defendants or either of them to enter upon or take possession of the lands, or any part thereof, or to remove any part of his fences, for the purpose of constructing either a public or private highway, or for any purpose whatever; that defendant *Lewis,* who claims to be supervisor of road district No. 10, in which the plaintiff's lands are situated, is about to remove by force and violence the fencing on part of the lands, and forcibly and against the will of the plaintiff to throw open a great portion of his lands to the public, thereby depriving him of the use, benefit and enjoyment thereof; that *Lewis* has by written notice threatened to remove the fencing and throw open said land, and that he assumes to act under an order of the township trustee, and under the authority of the board of county commissioners, for the purpose of opening a pretended highway through the lands of the plaintiff.

It is averred that the order of the county commissioners authorizing the opening of the road is void, for several reasons, which are specified. The defendants demurred to the complaint; the court below overruled the demurrer, and this is assigned for error.

The rules applicable to this case are those which are alike applicable to nuisances and trespasses, and are very fully considered in *Parker* v. *Winnipiseogee Lake Cotton, &c., Co.,* 2 Black 545.

The general rule is stated by Justice STORY, 2 Story's Eq. Jur., § 928, to be, "that courts of equity interfere in cases of trespass to prevent irreparable mischief, or to suppress multiplicity of suits and oppressive litigation. For if the trespass be fugitive and temporary, and adequate compensation can be obtained in an action at law, there is no ground to justify the interposition of courts of equity." The real difficulty in these cases is to determine what is irreparable mischief. It is not, however, difficult in the case in judgment to determine that the threatened injury is not an irreparable one. In *Sidener et al.* v. *The Norristown, &c., Turnpike Co.,* 23 Ind. 623, in speaking of the case of *Bolster* v. *Catterlin,* 10 Ind. 117, it is correctly said: "That was the unauthorized act of the supervisor; he was the agent of the public, and was acting beyond his power, and it thereby became his own act, and was a private trespass. His act could not, under the circumstances, be an appropriation of private property for public use; the owner could at any time resume possession of his lands. There was no right to have compensation, for there was no valid act of appropriation, nor was there any act that time could ripen into such appropriation, save only the statute of limitation."

The act threatened in the case at bar is "the removal of fences for the purpose of opening a pretended highway through the lands of the plaintiff." In *Bolster* v. *Catterlin, supra,* it was averred "that the defendant had threatened and intended to change the road, and with that view had

actually commenced removing the fences." DAVISON, J., in delivering the opinion of the court, says: "And that, it seems to us, avers simply an intent to commit a naked trespass, one not irreparable, but the subject of full recompense in damages." In the case in judgment no act of trespass is shown to have been actually committed, and the only pretended cause of action averred is in equity and not at law. If the defendants commit the threatened trespass, and the plaintiff establishes his right at law, and the defendants nevertheless persist in the wrongful use of the plaintiff's lands for the purposes of a highway, then a court of equity would grant relief, on the ground of suppressing litigation, and of preventing a multitude of suits.

We have not examined the validity of the order of the board of county commissioners, as that question does not arise in this case, as there is no ground for the injunction prayed. The court below erred in overruling the demurrer to the complaint.

The judgment is reversed, with costs, and the cause remanded to said court, with directions to sustain the demurrer to the complaint.

*T. L. Smith* and *M. C. Kerr*, for appellants.

*J. H. Stotsenburg* and *T. M. Brown*, for appellee.