Moore v. Wade.

---

SAMUEL G. MOORE, et al., v. SAMUEL W. WADE.

1. SUMMONS—SERVICE; *Admission by Husband for Wife, without authority, confers no jurisdiction.* A husband cannot, without authority from his wife, acknowledge service of a summons for her. Such acknowledgement is void; it constitutes no service, and does not give the court jurisdiction of the person of the wife. A judgment rendered against a party who has not been served with summons, and who has not made any appearance in the case, is erroneous.

2. JUDGMENT; *Substantial Rights.* A judgment determining that a woman has no right or interest in a certain piece of land, except such as she may have by virtue of being the wife of a certain man, is a judgment affecting her substantial rights.

3. PRACTICE; *Overruling Demurrer; Amendment.* When a demurrer to a petition is overruled in the district court, and an amended petitition is afterward filed, issues of fact thereon joined, and the cause tried upon the merits, and the case brought to the supreme court, the question whether the *original* petition was sufficient or not, or whether the court erred in overruling the demurrer thereto, is of no consequence and will not be considered by the supreme court. The code, § 141, authorizes the district court to permit a plaintiff to amend the petition after overruling a demurrer thereto.

4. PLEADINGS; *Sufficiency; when objections disfavored.* The supreme court will look with great disfavor upon an objection to the sufficiency of a petition in the court below when such objection is made for the first time in the supreme court.

5. STATUTE OF FRAUDS; *Parol agreements relating to Lands; Statutes construed.* While § 8 of the act concerning conveyances, §§ 5 and 6 of the act relating to frauds and perjuries, and § 1 of the act concerning trusts and powers, make void every *parol agreement* which attempts to create

an estate in lands, yet said sections do not make void an estate which results from, or which is created by, operation of law.

6. DEED, *When a Mortgage; Real transaction may be proved by parol.* A deed of land absolute upon its face, if taken as a security, is only a mortgage. And while it may not be sufficient in an action at law to show by parol evidence that a deed absolute upon its face was understood or intended or agreed to be a mortgage, or was understood or intended or agreed to be defeasible, yet it has always been sufficient in a court of equity to show *a state of facts* outside of the deed, which would render the deed a mortgage, or would render the deed defeasible.

7. MORTGAGE—*Its nature defined.* It is not necessary that a mortgage shall always be given to secure the payment of a debt. It may be given to secure the performance of *any other act* which the law permits to be performed.

8. DAMAGES—*When not allowed in equity cases.* In an action by the equitable owner of a piece of land against the party who holds the legal title, to obtain a decree for the legal title, and where such equitable owner has been in possession and had control of the land all the time, and where no damages are alleged in the petition, except that the plaintiff wanted to divide and sell the land, *held,* that a judgment for damages is erroneous, and that a general verdict for damages would not supply facts sufficient to authorize such a judgment.

9. PRACTICE—*Settling Exceptions.* Instructions not embodied in a formal bill of exceptions, nor signed by the judge of the court below as provided by statute, form no part of the record, and will not be considered by the supreme court.

## *Error from Brown District Court.*

ACTION brought by *Samuel W. Wade* as plaintiff, to declare a certain deed to be a mortgage, and to compel defendants to reconvey the mortgaged premises to him. The action was commenced against *Samuel G. Moore* and *Nora* his wife, and *David P. Williams* and *Mahala* his wife. The summons was duly served on *Moore* and *Williams,* the husbands, and they both signed an indorsement on the summons as follows:

"March 8, 1870: We the undersigned acknowledge service of the within summons for ourselves and wives."

No other service was made on the wife of either, and no appearance by them. The action was tried at the October Term, 1870. The facts, and so much of the pleadings as are material

to questions determined, are given in the opinion. Wade had judgment in the district court against all the defendants for a reconveyance of the land, and against the two principal defendants for ninety-six dollars damages. All four defendants join in bringing the record to this court for review.

*Lacock & Johnson,* for plaintiffs in error:

1. The original petition did not state any cause of action, and the court erred in overruling the demurrer thereto. By leave of court an amended petition was filed, which we hold must be deemed to set out nothing materially different from the first petition, or else that giving leave to file was itself error.

2. The amended petition does not state facts entitling plaintiff to equitable relief. The agreements set up are by *parol,* and therefore void: Gen. Stat., Ch. 22, § 8; Ch. 43, §§ 5, 6; Ch. 114, § 1. Where the facts alleged in the petition show that the case is within the Statute of Frauds, said statute need not be pleaded. 2 Black, 585; 5 Kas., 263.

The petition also alleges a conditional delivery of the deed to Moore and Williams, the grantees. No such delivery can be made. If attempted the delivery becomes absolute, and the title vests in the grantee. 6 Kas., 122; 4 Kent. Com., 426; 32 N. Y., 445; 1 Ohio St., 141.

The petition shows the deed was made upon a valuable consideration. It is absolute on its face, and no use or trust results. 2 Greenl. Cruise, 322; 3 Paige, 390; 1 Johns. Ch., 405.

Express trusts cannot be created by parol agreement. They must be in writing, and signed by the party to be charged: Gen. Stat., Ch. 114, § 1; Ch. 22, § 8, and Ch. 43, §§ 5, 6; 29 Ill., 193; Brown on Frauds, § 97; Hill on Trustees, 91. But the facts set up in this case would have been ineffectual even if they had been in writing: 23 Maine, 182. And an attempt to set up an *express* trust repels the idea of any *resulting* trust: 5 Paige, 114; 2 Story, 1; 13 Ill., 227.

3. Nor does the petition state the case of a mortgage de-

feasible upon the performance of a parol condition, for it is essential to the idea of a mortgage that there be a *debtor* and a *creditor*. That the debtor, or some one for him convey his estate to secure the payment to the creditor; Hilliard on Mortgages, Ch. 1. But in this case the grantor was the creditor who wished security. As a parol agreement to convey, the petition states nothing to take the case out of the Statute of Frauds, and the alleged agreement is void. The contract, if valid at all, is one of *guaranty*, and not of suretyship simply. And the defendants having carried the risk are not bound to rescind at the request of plaintiff.

4. The judgment does not follow the verdict. The assessment of damages and findings of the jury show that they considered the breach of the contract to reconvey as the "issue" they were to try, and that the damages awarded satisfied that breach. Why the court should proceed to make special findings after the case had been heard before the jury, and decree that the very contract which the jury had liquidated should be performed, is something we cannot understand.

Damages cannot be awarded for the breach of a contract, and performance decreed at the same time. Sedgw. on Dam., 10; 2 Story Eq., § 794*a*.

*W. W. Guthrie*, for defendant in error:

1. The record shows the demurrer to original petition overruled, and upon issue subsequently joined a finding for plaintiff. If petition only defectively stated a case, it would be cured by verdict in absence of defendant's demurrer. The finding then shows no error in overruling demurrer "affecting substantial rights of defendants." Gen. Stat., pp. 140, 655; 6 Ohio St., 479.

The court below had full power to allow an amended petition to be filed. After trial and final judgment, the original petition is not in the case. And the sufficiency of the amended petition is not subject to inquiry here until examined below. 2 Kas., 410.

2. On the merits of the case the record shows that Wade

was the legal owner of the land. The one question is, was the deed to Moore & Williams delivered as a conveyance, or deposited as a security? This was a fact to be proven by any competent evidence. The *delivery* of a deed is always the subject of proof. And parol evidence is always admissible to prove an absolute deed a mortgage, certainly a delivery as a pledge. 1 Washburn, 510; 3 Leading Cases Eq., 625; 4 Kent's Com., pp. 154, 143, and notes; 1 Wis., 567; 25 Iowa, 19. And this evidence is not inconsistent with the Statute of Frauds: 3 Leading Cases in Eq., 628.

There is no question of resulting trust in this case. Yet the case is one coming within the law of such cases. The consideration was paid by Wade—the title taken to Moore & Williams. 2 Lead. Cases in Eq., 711; 4 Cowen 427; 9 id., 69. And equity will decree a trust in favor of the party entitled thereto, no matter from whom the title came, giving affirmative relief. Verbal stipulations which have induced the deed will control the writing even without fraudulent design. 2 Lead. Cas. in Eq., 677.

3. Mrs. Moore and Mrs. Williams were but nominal parties. Their husbands accepted service for them; and this court cannot consider the sufficiency of such service until first presented to the court below.

The decision and judgment against the wives do not affect any of their substantial rights. Code, § 140. The record does not show that they had or claimed any right or title. They could not have any except such as attached as wives of the grantees.

4. The so-called instructions are not a part of the record, (Code, § 276,) and cannot be considered.

5. This case was a proceeding in equity, and was not triable by a jury on special issues. Code, § 266. The jury merely assessed the damages. There was no error in the findings of the court upon the question of title.

The opinion of the court was delivered by

VALENTINE, J.: The plaintiffs in error (defendants below)

claim that the court below had no jurisdiction of the persons of Nora R. Moore and Mahala Williams; that the petition of the plaintiff below (defendant in error) was not sufficient; that the court below erred in giving certain instructions to the jury, and also erred in refusing to give certain other instructions to the jury which the plaintiffs in error asked to have given; and they also raise questions as to the correctness of the verdict of the jury, the correctness and effect of the findings of the court below, and the correctness of the judgment rendered upon such verdict and findings.

Nora R. Moore and Mahala Williams were the wives of the other two defendants, to-wit, S. G. Moore and D. P. Williams. They were made defendants by the petition below, but no summons was ever served upon them, and they made no appearance in the case in the court below. Their said husbands attempted to acknowledge service of the summons for them, but it does not appear that their husbands had any authority to do so. Therefore we think the judgment rendered against them was erroneous, as the court had no jurisdiction of their persons. The defendant in error claims that this judgment does not affect any substantial rights of the said Nora R. Moore and Mahala Williams because they had no interest in the land in controversy except as wives of their said husbands, and therefore that it should not be reversed. We think otherwise; or at least we think the judgment would affect their substantial rights if allowed to stand as a valid judgment against them. It is a determination of their rights without giving them their day in court. It is a determination that they had no interest in the land in controversy except as wives of their said husbands without giving them an opportunity of showing that they had some other or greater interest in the land.

The record shows that the defendants Moore and Williams demurred to the plaintiff's petition. The court overruled the demurrer. The plaintiff then filed an amended petition, to which defendants Moore and Williams answered, and the plaintiff replied to the answer;

1. Admission of service; authority; jurisdiction.

2. Judgment; substantial rights.

3. Practice; overruling demurrer; amendment.

and upon this amended petition, answer, and reply, the parties tried the case. Whether the original petition was sufficient or not, or whether the court erred in overruling the demurrer thereto, is of no consequence now, and will not be considered by this court, as the case was not tried upon such petition. Neither was there any error in allowing the plaintiff to amend his petition after the demurrer was overruled.

The main question in this case is whether the second or amended petition of the plaintiff was sufficient. No objection was made to it in the court below, and hence we shall look with great disfavor upon any objection made to it now and for the first time in this court. (*Green v. Dunn,* 5 Kas., 254, 260,

4. Objections to pleadings, when disfavored. and cases there cited.) The petition states with great particularity among other things, that the plaintiff Wade was the equitable owner of the land in controversy; that J. W. Oberhaltzer was the legal owner thereof; that Oberhaltzer at the request of Wade made a deed for said land to said S. G. Moore and D. P. Williams, under their firm-name of Moore & Williams; that said deed was made and deposited with said Moore & Williams as a security to them to secure them from any loss they might sustain or become liable for on a certain contract which they signed as sureties for Jacob Crounse; that this contract in substance was, that Jacob Crounse should build a certain house for the plaintiff on another piece of land; that said Moore & Williams were to return said deed to the plaintiff to be cancelled, or that they would reconvey to him whenever they were released from all liability as sureties for Crounse; that they were so released from liability; that they had caused said deed to be recorded; that they now refuse to reconvey, or to surrender up the title to said land to said plaintiff Wade; that the plaintiff has all the time been in possession of said land and had the same under his control, etc., and prays for a reconveyance of the title to said land to the plaintiff, and for damages. The plaintiffs in error claim that said petition is defective because it shows that the whole transaction between Wade and Moore & Williams, except the deed from Oberhaltzer to Moore &

Williams, was by *parol*. It is true that the petition shows this, but in our opinion that does not render the petition defective. The counsel for plaintiffs in error rely upon § 8 of the act concerning conveyances, (Gen. Stat., 186;) §§ 5 and 6 of the act relating to frauds and perjuries, (Gen. Stat., 505,) and

*5. Parol agreements relating to lands; statutes construed.* § 1 of the act concerning trusts and powers, (Gen. Stat., 1096.) But these provisions are not sufficient for the purpose for which they are cited. It is true that they make void every *parol agreement* which attempts to create an estate in lands; but they do not make void an estate which results or which is created by operation of law. *Woodham v. Hearn*, 2 Leading Cases in Equity, 711, and cases there cited. Admitting that the agreement of Moore & Williams that they would reconvey to Wade whenever they were released as sureties for Crounse was utterly void and of no effect, and still it does not follow that they are not bound to reconvey when they are so released. They took the deed for the land as a security to them, to indemnify them in case of any loss as sureties for Crounse, and when they were released as such sureties they were bound in equity to reconvey to the equitable owner of the land, who was Wade, not because they had agreed to do so, but because the law independent of any such agreement requires them to do so. It is true, that in this case their agreement and the law harmonize; but it is not true that because they may plead that their agreement is void they may also plead that the law is void. This deed was absolute upon

*6. Conveyance taken as security is a mortgage, and real transaction may be proved by parol.* its face, but as it was taken only as a security it was in effect a mortgage. This principle has been so long and so well settled by courts of equity that we do not think it is necessary to refer to authorities to sustain it. But as no written defeasance was executed between the parties it is claimed that no parol understanding, intention or agreement can be shown to create a parol defeasance. Now, while it may not be sufficient in an action at law to show by parol evidence that a deed, absolute upon its face, was understood or intended or agreed to be a mortgage, or was understood or intended or agreed to be defeasible, yet it has

always been sufficient in a court of equity to show a *state of facts* outside of the deed which should render the deed a mortgage, or would render it defeasible: *Thornbrough v. Baker*, and *Howard v. Harris*, 3 Lead Cases in Equity, 628, et seq., and cases there cited. When these facts are shown the deed will then be varied in equity so as to do justice between the parties, not as a consequence of their understanding or agreement, but generally without reference to the same. These views are not in conflict but really in harmony with § 2 of the statute concerning mortgages, (Gen. Stat., 582.)

But it is also claimed by counsel that this instrument could not be a mortgage because it was not given as a security for a 7. Mortgage; *debt;* that in all mortgages there must be a debtor its nature defined. and a creditor. Now we suppose it makes but little difference what we call this instrument; it is its nature and character that we are to examine. But still we think in equity it should be called a mortgage. It is not necessary that a mortgage should always be given to secure the payment of a *debt*. It may be given to secure the performance of *any other act* which the law permits to be performed. "A mortgage in fee is an estate upon condition defeasible by the performance of the condition according to its legal effect." (*Erskine v. Townsend,* 2 Mass., 495.) "A mortgage is a deed whereby one grants to another lands upon condition that if the mortgagor shall pay a certain sum of money, *or do some other act specified therein,* at a certain day the grant shall be void." (*Montgomery v. Bruere*, 1 Southard, N. J., 268.) "At common law a mortgage is defined to be a deed conveying lands conditioned to be void upon the payment of a sum of money, *or the doing of some other act.*" (*Lund v. Lund,* 1 N. H., 41.) "A mortgage is a conditional conveyance of land, designed as a security for the payment of money, *the fulfillment of some contract, or the performance of some act,* and to be void upon such payment, fulfillment, or performance." (*Mitchell v. Burnham*, 44 Maine, 299.) "A mortgage is defined to be a conveyance of an estate, by way of pledge, to secure a debt for the *performance of some act,* such as the payment of money, *or the furnishing of an*

*indemnity*, and to become void on payment or performance agreeably to the prescribed condition." ( *Wright v. Cooper*, 37 Vt., 179.) See also upon this subject 1 Hilliard Real Prop., 540, ch. 29, § 1; 1 Washb. on Real Prop., 475, ch. 16, § 1.

It will be admitted that the transaction between Wade and Moore & Williams was a strange one. It seldom happens that a party who desires security from another person will furnish this other person with the desired security. This, however, Wade did when he furnished the security for Crounse. That such a transaction is legitimate, however, no one will deny. That it would be beneficial to the person for whom the security is furnished, we suppose will not be questioned; and that in some cases it might be highly beneficial to the party furnishing the security, we think will be admitted. Therefore the novelty of the transaction is not of itself sufficient proof of the invalidity of the transaction. If Wade was about to sell or lease the house which Crounse was about to build, and if the person to whom Wade was about to sell or lease the house had great confidence in Moore & Williams, it may have been greatly to the interest of Wade to procure the names of Moore & Williams as sureties for Crounse. But in any case the strangeness of the transaction would hardly be sufficient to render the transaction so wholly void as to give to Moore & Williams eighty acres of land worth $2,000 without any consideration whatever therefor except that their names were attached a short time to a paper as sureties for Crounse.

There were no facts set forth in the plaintiff's petition upon which a judgment for damages could be rendered. The plaintiff, according to his own allegations, was in possession and had the control of the land in controversy, and therefore must have had the use of it. Then how he could have been damaged we are unable to see. The allegations of the petition attempting to show damages are as follows: "Plaintiff further says that on February 11th, 1870, said land was worth exceeding the sum of $2,000; that at said time plaintiff desired to and it was for his interest to use said land to bargain, sell and convey ten acres thereof to the St. Joe

8. Damages; when not allowed in equity cases.

Moore v. Wade.

& D. C. R. R. Co., through which said ten acres was constructed and then being operated the railway of said company, for depot grounds; that he might lay out the balance of said lands into and dispose of same for town lots, for gain and profit thereby and therefrom, and that by reason of the fraudulent and wrongful acts of said defendants as aforesaid, and by their refusal to reconvey said land to him as aforesaid, he then was and ever since has been prevented from bargaining, selling, or conveying, or otherwise making any profitable use of said land as aforesaid, to his damage in the sum of $1,000." These facts did not authorize a judgment for damages. Damages may sometimes be allowed in equity cases; but this, upon the facts stated, is not one of such cases. The question as to the sufficiency of the petition upon which to render a judgment for damages was not raised until after verdict in the court below. It is even doubtful whether the question was fairly raised until the case was brought to this court. But there is such a total want of a statement of facts to authorize such a judgment, that we do not think that the verdict which was a general verdict for damages could supply facts sufficient to authorize the judgment, or that we are precluded from examining into the sufficiency of the petition, the verdict, and the judgment thereon, although the question may possibly have been raised for the first time in this court. (10 Ohio St., 567; 17 id., 326; 13 B. Mon, 465; 18 id., 261; 10 Ind., 117; 27 id., 139; 30 id., 398; 18 Barb., 469; 19 id., 185; 27 id., 631; 2 Duer, 650; 7 N. Y., 464; 8 Howard Pr., 159, 258; 15 id., 500; 17 Johns., 457; 11 Wheaton, 171; Van Sant. Pl., 654, 655, 686, 687, 688; Swan's Pl., 240; Gould Pl., ch. 10, §§ 3, 13, 20 to 25; 1 Chitty Pl., 681; Comp. Laws, 139, 140, §§ 96, 98; id., 189, § 396.)

This we think disposes of all the questions in this case. It is true that the plaintiffs in error attempt to raise questions upon the instructions, the verdict, the findings of the court, and the judgment for the title to the land, as well as judgment for the $96 damages; but we do not see how any other questions can be raised upon the record in this case than the ones we have already disposed of. None of the evidence is brought

to this court. The instructions are not properly authenticated, and the record does not purport to contain all of them. The verdict of the jury so far as we sustain it, is in proper form, and sufficient. The findings of the court are in harmony with the verdict, and the judgment against Moore & Williams for a reconveyance of the land to Wade is amply sustained by the other proceedings.

Such of the instructions given and refused as have been put in the record brought to this court were filed in the clerk's office on the next day after the trial, and are neither embodied in a

9. Exceptions must be settled and signed as required by the code. formal bill of exceptions nor signed by the judge of the court below, (Gen. Stat., 682, § 276,) and for this reason if for no other we could not consider them, as they really form no part of the record of the case. (*McArthur v. Mitchell*, 7 Kas., 173.)

The judgment of the court below will be reversed so far as it affects Nora R. Moore and Mahala Williams, and also so far as it gives damages against Samuel G. Moore and D. P. Williams; otherwise it will be affirmed. Nora R. Moore and Mahala Williams will recover their costs in this court; Samuel G. Moore and D. P. Williams will pay half of the remainder of the costs, and Samuel W. Wade will pay the other half.

All the Justices concurring.