Larison v. Larison.

JAMES LARISON

v.

CELIA H. LARISON.

1. RIGHTS OF MARRIED WOMEN.—By the statute of 1861, and amendments, the rights of the wife in respect to her separate property, were entirely changed. The disability of marriage was removed, and for all purposes of acquiring, managing and disposing of her property, contracting or being contracted with, she became a *feme sole.* She acquired a legal standing in courts of law that she did not before possess.

2. REMEDY AT LAW.—The remedy for an injury to the property of a married woman by her husband, although formerly in equity, is now at law, and is not the proper subject for the interference of a court of equity, unless it is necessary to prevent irreparable injury.

ERROR to the Circuit Court of McLean county; the Hon. OWEN T. REEVES, Judge, presiding. Opinion filed June 21, 1881.

Messrs. TIPTON & RYAN, for plaintiff in error; that the bill does not state such acts of interference or threats of irrep-

arable injury as would warrant a court to interfere by injunction, cited Barm v. Bragg, 70 Ill. 283; Hilliard on Injunctions, 285; Levis v. Ellis, 25 Cal. 515; Bronchetals v. Yerbo, 13 Cal. 190; Waldren v. Marsh, 5 Cal. 110; Bolster v. Catterlin, 117; Hatcher v. Hamilton, 7 Ga. 49.

Relief in equity will not be granted where there is a complete remedy at law: Schleets' App. 50 Pa. St. 172; Pfeltz v. Pfeltz, 14 Md. 376; Levis v. Ellis, 25 Cal. 515; Tomlinson v. Rubia, 16 Col. 202.

The remedy at law is adequate in this case: Emerson v. Clayton, 32 Ill. 493.

As to the rights of married women at common law: Jassoy v. Delius, 65 Ill. 469; Reeves v. Webster, 71 Ill. 307.

And as they are changed by statute: Patten v. Patten, 75 Ill. 446; Hogan v. Hogan, 89 Ill. 427; Emmert v. Hay, 89 Ill. 11; Emmerson v. Clayton, 32 Ill. 493; Beach v. Miller, 51 Ill. 206; Chestnut v. Chestnut, 77 Ill. 346; Johnson v. Johnson, 72 Ill. 489; Conkling v. Doul, 67 Ill. 355.

As to what consideration is not sufficient to support a sale: 2 Blackstone Com. 446; 2 Kent's Com. 468; Benjamin on Sales, § 1; Parsons on Contracts, § 521; Williamson v. Barry, 8 How. 544.

No valuable consideration was paid by the wife for the property, and there was no such delivery as would make a good gift *inter vivos:* Carpenter v. Davis, 71 Ill. 395; Little v. Willets, 55 Barb. 125; Pearson v. Pearson, 7 Johns. Ch. 26; Noble v. Smith, 2 Johns. 52; Grangiac v. Arden, 10 Johns. 293; Blanchard v. Williamson, 70 Ill. 647.

Gifts to a person standing in a confidential relation are *prima facie* void: Todd v. Grove, 33 Md. 188.

Such contracts cannot be supported by consideration of natural love and affection: Pennington v. Gittings, 2 Gill. & J. 208; Duvalle v. Wilson, 9 Barb. 487; Kirkpatrick v. Taylor, 43 Ill. 207.

A verbal gift of a chattel to a person already in possession does not pass the property: Sharer v. Pitch, 4 Exch. 478; Smith v. Smith, 2 Str. 955; Winter v. Winter, 4 L. T. 639.

Where the transaction is incomplete and there is no consid-

Larison v. Larison.

eration, the court will not complete what it finds incomplete: Wadhams v. Gay, 73 Ill. 415; Badgley v. Votrain, 68 Ill. 25; 1 Story's Eq. Jur. § 433; Antrobus v. Smith, 12 Ves. Jr. 39; Pennington v. Gittings, 2 Gill & J., 208; Taylor v. Staples, 8 R. I. 170; Grove v. Jeager, 90 Ill. 250.

No consideration other than the one expressed in the instruments can be shown: 1 Parsons on Contracts, 429; Schermerhorn v. Vanderhayden, 1 Johns. 139; Veacock v. McCall, Gilpin, 329; Emery v. Chase, 5 Greenl'f, 232; Howes v. Barker, 3 Johns. 506; Mitchell v. Williamson, 6 Md. 210.

Messrs. ROWELL & HAMILTON, for defendant in error; that the statute has not taken away the remedy in equity, but only given a new remedy, cited Labadie v. Hewitt, 85 Ill. 341; McNab v. Heald, 41 Ill. 326.

In a proper case equity will always uphold a gift from husband to wife: Manning v. Rixford, 44 Ill. 125; Gill v. Woods, 51 Ill. 64.

A bill of sale is the equivalent of actual delivery, and passes title: Craig v. Kruger, 22 Ill. 74; Cains v. Morley, 2 Tenn.

HIGBEE, P. J. This was a bill in equity by defendant in error against her husband, alleging that by virtue of certain contracts entered into between them, and set out in the bill, she had become the owner of certain property in Bloomington, known as "The Larison Dray Line." By the arrangement between the parties, Mrs. Larison agreed to employ her husband so long as he should abstain from the use of intoxicating liquors, improper intimacy with women, and pay to her all moneys coming into his hands. Upon the execution of this agreement Mrs. Larison dismissed a law-suit then pending against her husband, and placed him in the possession of said dray line.

The bill further alleges that plaintiff in error has been frequently intoxicated and unfit to take charge of said business; that she has, on such occasions, taken charge of said business, and forbade his interference, but to avoid difficulty, has, when he became sober, allowed him to again superintend the property; that he has refused to turn over the net proceeds of the

property to her; sold some of the property and replaced it in part by other property purchased with the proceeds of the business; that she has finally discharged her husband and is now managing and operating the property herself; that her husband continually interferes with her employes in said business, declares his intention to continue in the control of said business, and will deprive complainant of the use of said property if not restrained; that the dray line business is such that unless it is constantly attended to without trouble in its control and management, the custom and good-will will be destroyed, and irreparable injury thereby sustained by complainant, and prays for an injunction.

Upon filing the bill a temporary injunction was granted restraining the defendant from in any way interfering with the management, control and ownership of said property.

A demurrer was filed by plaintiff in error to said bill, assigning as a special cause for demurrer, that complainant in said bill had an adequate and complete remedy at law. The demurrer was overruled, and thereupon plaintiff in error filed his answer to said bill, denying his wife's right to the property in question, claiming to be the owner thereof, with full right to control and manage the same.

Upon hearing, the court decreed that the temporary injunction be made perpetual, and awarded costs against plaintiff in error, from which he prosecutes a writ of error to this court.

Neither this bill, nor the proof taken upon hearing, make a case authorizing a court of equity to interfere by injunction. They do not show any act of interference by defendant with the property, except by consent of Mrs. Larison.

In the bill she alleges that at the time of the filing thereof she had discharged Larison, and was then managing and operating the property herself; and in her evidence she states, that almost every month for the last two years she has taken control of the business during her husband's drunken sprees. But on his becoming sober and promising to let liquor alone if permitted to go on as her agent in the management of the business, she has again and again permitted him to manage her affairs. If, however, Larison is to be treated as a trespasser, the

bill is defective in not showing that the injury committed, or threatened, is irreparable.  It fails to aver the insolvency of Larison, and no reason is perceived why adequate damages may not be recovered at law.   Mere allegations of danger or of great and irreparable injury are not sufficient.  Facts must be stated to satisfy the court of such danger.  Hilliard on Inj. Sec. 32, page 30; Bronchetals v. Ferbo, 13 Col. 190.  There must be something particular or special in the case for which a court of law cannot afford adequate redress.  Hilliard on Inj. 346; Bolster v. Cotterlin, 10 Ind. 117; Hatcher v. Hanston, 7 Ga. 49.

The bill shows the title and possession of the property in Mrs. Larison at the time it was filed, and if Larison committed a trespass upon the property, the law would give ample compensation for the injury sustained.  But it is insisted that by reason of the relation of husband and wife existing between the parties, the remedy in this case should be in equity.  That such was the case at common law is undoubtedly true.  There the marriage *ipso facto* merged the person of the wife into that of the husband; and her personalty, when reduced to possession, became absolutely his property; having no legal rights, she could have no standing in a court of law in her own name, but her rights were recognized and enforced in a court of equity.  But by the statutes of 1861, as amended by the statute of 1874, the wife is made a *feme sole* as to her separate property, with full power to contract in relation thereto.  The 10th section of the act of 1874, Rev. Stat. 1880, page 592, provides that "should either the husband or wife unlawfully obtain or retain the possession or control of property belonging to the other, either before or after marriage, the owner of the property may maintain an action therefor, or for any right growing out of the same, in the same manner and to the same extent as if they were unmarried.

It is a well settled rule of law that where a new remedy is given by statute it does not take away the existing remedy unless the statute expressly so provides; and it is insisted by defendant in error that as the remedy for an injury to the property of a married woman by her husband was in equity at com-

mon law, this section is to be treated as cumulative, and as giving a new remedy without taking away the old.

Had the rights of the parties remained the same as they were at common law, such would have been the correct construction of this section; but this statute does more than give a new remedy—it changes the entire rights of the parties, it removes the disability of marriage and creates the wife a *feme sole* for the purpose of acquiring, managing and disposing of property; of contracting and being contracted with; confers upon her the legal title to her property, recognizes her separate existence, and gives her a legal standing in the courts of law, which she did not before possess, and these new rights must be enforced in a court of law, the same as if she were a *feme sole*.

This controversy is between the parties to this suit. The rights of creditors are not involved, and in the transfer of property from Larison to his wife there is no pretense of cover for fraud.

Her right to the property is a naked, legal right, and a court of law is fully adequate to its protection. Under such circumstances, the use and enjoyment of the property between husband and wife, while residing together as such, is not the proper subject for the interference of a court of chancery, unless to prevent irreparable injury.

Decree reversed and bill dismissed.

DAVIS, J., dissenting.