Erwin *v.* Fulk, Auditor, *et al.*

Filed March 25, 1884.

---

No. 10,572.

ERWIN *v.* FULK, AUDITOR, ET AL.

HIGHWAY.—*Location of.*—*County Commissioners.*—*Order not Fixing Width Void.*—An order by a board of commissioners, locating and directing the opening but not fixing the width of a public highway, is void.

SAME.—*Injunction Against Supervisor.*—*Trespass.*—A board of commissioners ordered a change in a certain highway, but their order did not fix the width of the new road, and a copy of the order was placed in the hands of a supervisor, to be executed, whereupon the owner of a farm brought suit to enjoin the supervisor from so doing, alleging in his complaint the foregoing facts, and also that the new road would cut his farm into irregular shaped tracts, cut in two his orchard, change the frontage of his buildings and necessitate the construction of much new fence.

*Held*, on demurrer, that injunction will lie, that the injury alleged in the complaint is not a mere trespass, and that under the provisions of section 1141, R. S. 1881, it is not necessary that the injury contemplated be irreparable, but such only as would produce great harm to the plaintiff during the litigation.

From the Monroe Circuit Court.

*G. W. Friedley, E. D. Pearson, H. H. Friedley, J. R. East* and *W. H. East,* for appellant.

*J. W. Buskirk* and *H. C. Duncan,* for appellees.

ELLIOTT, J.—The complaint of the appellant alleges that a petition was presented to the board of commissioners of Monroe county praying for a change in a highway therein described; that such proceedings were had as resulted in an order directing the change to be made as prayed; that the change proposed will alter the direction of the highway

Erwin *v.* Fulk, Auditor, *et al.*

through the land of the appellant, so as to divide it into two separate parcels of irregular shape; that it will "require a large amount of additional fencing;" that it will divide into separate parcels "a large bearing orchard;" that if the change is made as proposed, the road will pass on the side or end of his house and barn instead of in front of them as the old road does, and that the change, if made, will destroy his pastures and growing crops.   It is also alleged that the order of the board of commissioners is void for the reason, among others, that it does not describe the width of the new highway proposed to be laid out.   It is further averred that the road superintendent is in possession of a certified copy of the order of the board, and that the proposed highway "having been ordered to be opened by the board, the superintendent is now threatening to carry out the order of said board and open said highway, but to what width plaintiff is not informed," and that, unless enjoined, he will execute the order of the board and open the highway as directed.   A demurrer was sustained to this complaint and the plaintiff appeals.

An injunction will not lie to restrain the execution of an order of the board of commissioners unless the order is void, for the reason that if the proceedings are merely irregular or erroneous, the remedy is by appeal, and, as has been many times decided, where there is such a remedy injunction will not lie.   The first question, then, is whether the complaint shows the order to be void, for, if it does not, it is clearly bad.   We think it does do this.   It was decided in *White* v. *Conover*, 5 Blackf. 462, that an order which does not define the width of the proposed highway is absolutely void.   This case has been many times followed and approved.   *Carlton* v. *State*, 8 Blackf. 208; *Barnard* v. *Haworth*, 9 Ind. 103; *DeLong* v. *Schimmel*, 58 Ind. 64.

A mere naked trespass can not be enjoined, for the law affords an adequate remedy by an action for damages.

In our opinion the present complaint charges more than an

ordinary trespass, and also shows that the incidental damages are such as can not be fairly made good in money. The act of the person threatening to enter upon the appellant's land is not that of a mere trespasser, but is that of an officer acting under color of authority. The illegal entry threatened is more than that of a trespasser, for it is that of a public officer having an order of an inferior judicial tribunal directing him to enter, and asserting a right to make a permanent appropriation of the plaintiff's land. Looking to analogous cases, we shall find ample authority for holding that the case is one for injunction. A sale of land for a tax assessment may be enjoined although the assessment is utterly void. An entry on land under claim of condemnation for a public use may be enjoined where the proceedings are without validity. A sheriff's sale may be enjoined where the judgment is void. Many more familiar instances might be referred to, but these are sufficient to show that in closely analogous cases courts do not hesitate to grant injunctions. But there are cases identical in principle with the one at bar, in which a threatened entry on land under color of authority has been enjoined. *Winslow* v. *Nayson*, 113 Mass. 411; *Frizell* v. *Rogers*, 82 Ill. 109; *Champion* v. *Sessions*, 1 Nev. 478; *Anderson* v. *Comm'rs*, 12 Ohio St. 635; *McArthur* v. *Kelly*, 5 Ohio, 140; *Floyd* v. *Turner*, 23 Texas, 292. The English cases go much farther than the American cases generally do, and a study of their reasoning has impressed us that they assert the correct doctrine. They will be found collected in Kerr Injunctions, 297, *n.*

The facts stated in the complaint show the threatened wrongful act to be more than a temporary trespass, for they show it to be an act continuous in its nature, permanently affecting the freehold, and sustained by color of authority from a judicial tribunal. The remarks of Judge Story are justly applicable: "For," said this learned judge, "if the trespass be fugitive and temporary, and adequate compensation can be obtained in an action at law, there is no ground to justify the interposition of courts of equity. Formerly, indeed, courts

of equity were extremely reluctant to interfere at all, even in regard to cases of repeated trespasses. But, now, there is not the slightest hesitation, if the acts done, or threatened to be done, to the property, would be ruinous or irreparable, or would impair the just enjoyment of the property in the future. If, indeed, courts of equity did not interfere in cases of this sort, there would (as has been truly said) be a great failure of justice." 2 Story Eq., section 928. Mr. Pomeroy discusses the subject thoroughly, and thus states the principle which rules such cases : " The injunction is granted, not merely because the injury is essentially destructive, but because, being continuous or repeated, full compensation for the entire wrong can not be obtained in one action at law for damages." 3 Pomeroy Eq., section 1357. In the case before us the nature of the injury is not only continuous, but by cutting the land into an irregular shape, by severing the orchard into two parcels, and by changing the frontage of the house and barn, an injury is inflicted that can not be fully measured in damages, and it is also an injury affecting the just enjoyment of the property in the future. The proper location of fields and orchards, of houses and barns, may add much to the enjoyment of the owner of the farm, and it would be a denial of justice to refuse to enjoin an officer acting under a void judgment from changing the shape of the orchards and fields and destroying the frontage of the house and barn. Our own cases recognize the rule that in such a case as this injunction is the appropriate remedy. *Ross* v. *Thompson*, 78 Ind. 90 ; *Kyle* v. *Board, etc., ante,* p. 115; *Heagy* v. *Black,* 90 Ind. 534.

The case of *Smith* v. *Weldon,* 73 Ind. 454, is readily distinguished from the present, for there the complaint showed that the damages could be ascertained, and that they amounted to only $100. The opinion in *Lewis* v. *Rough,* 26 Ind. 398, treats the complaint as charging a simple trespass, and proceeding on that ground holds that the complaint did not warrant an injunction. On the theory assumed, the conclusion

is right, but we doubt whether the complaint in that case was justly construed. The decision in *Bolster* v. *Catterlin*, 10 Ind. 117, proceeds on the theory that the complaint charged a simple trespass. We quote from the opinion: " It is averred that the plaintiff built his house, made improvements, and planted ornamental trees, with a view to the road as opened and fenced; though it is not shown that by its removal the enjoyment or value of his farm would in any degree be impaired. There is, indeed, but one averment upon which the object of the suit can be supposed to rest, viz., 'that the defendant had threatened and intended to remove the road, and with that view had actually commenced removing the fences;' and that, it seems to us, avers simply an intent to commit a naked trespass—one not irreparable, but the subject of full recompense in damages."

The provisions of the code are often lost sight of, and the expressions of the old cases adopted in place of those of the statute. It is not necessary under the provisions of our code to aver or prove irreparable injury. It is sufficient, in the language of the statute, that the plaintiff is entitled to the relief demanded, and that the relief, or any part thereof consists in restraining the commission or continuance of some act, the commission or continuance of which during the litigation would produce great injury to the plaintiff. R. S. 1881, sec. 1148. In speaking of this provision the court said: " The expression 'great injury' here used, in its ordinary import, certainly does not imply an irreparable injury." *Clark* v. *Jeffersonville, etc., R. R. Co.*, 44 Ind. 248.

The court below erred in sustaining the demurrer to the complaint.

Judgment reversed.

Filed March 26, 1884.