SIDENER and Another *v.* THE NORRISTOWN, HOPE, AND ST. LOUIS TURNPIKE COMPANY and Another.

INJUNCTION—TURNPIKE COMPANY.—The complaint alleged that the defendant, the turnpike company, intending to locate the route of their road on the south line of plaintiff's land, so as to occupy twenty-two and a half feet in width thereof, and a like quantity of land abutting on the south, but mistaking the location of the south line of said land, actually surveyed and staked off a route for their road, not upon the south line, but almost entirely north thereof, so as to take the whole width of forty-five feet off plaintiff's land, nearly the entire distance across the same, and to leave about two acres thereof south of the road; that the company had instituted legal proceedings, under the Turnpike Act, 1 G. & H. 474, to condemn the right of way over plaintiff's land, describing therein the land to be appropriated as twenty-two and a half feet in width along the south line thereof; that appraisers had been appointed by the justice, and such proceedings had before him as resulted in a determination by him against the plaintiff, who had appealed to the Circuit Court, where the proceedings were still pending; that the turnpike company was about to occupy the ground surveyed and staked off, and to build their road thereon, and to throw open the fences and expose the crops of plaintiff, etc. Prayer for injunction. Demurrer to the complaint sustained in the court below.

*Held*, that the constitution prohibits the taking of private property for public use, by a private corporation, unless just compensation therefor be *first* assessed and tendered.

*Held*, also, that two modes of making the assessment are provided by statute; one under sec. 7 of the Turnpike Act, 1 G. & H. 474, and the other under 2 G. & H. 315.

*Held*, also, that an injunction is the proper remedy to prevent a corporation from making a permanent location of a road on the land of an individual, under color and claim of right, before just compensation has been

assessed and tendered therefor; and the demurrer to the complaint should have been overruled.

APPEAL from the *Bartholomew* Circuit Court.

GREGORY, J.—The appellants, who were the plaintiffs below, allege by their. complaint that they are seized of a certain quarter section of land; that the turnpike company, defendant, intending to locate the route of their road on the south line of the plaintiffs' land, so as to occupy twenty-two and a half feet in width of their land across the south end thereof, and a like quantity of the land abutting on the south, but mistaking the location of said south line, actually surveyed and staked off a route for their road, not upon the south line, but almost entirely north thereof, so as to take the whole width of forty-five feet of the plaintiffs' land nearly the entire distance across the same, and to leave about two acres of land, belonging to the plaintiff, south of the proposed road; that the turnpike company had instituted legal proceedings, under the turnpike act, (1 G. & H. 474,) to condemn the right of way over the plaintiffs' land, describing therein the lands to be appropriated, as twenty-two and a half feet along the south line thereof; that appraisers had been appointed by the justice, and such proceedings had before him as resulted in a determination by him against the plaintiffs, who had appealed to the Circuit Court, where the proceedings were still pending; that the turnpike company was about to occupy the ground surveyed and staked off, and to build their road thereon, and to throw open the fences and expose the corn crops of the plaintiffs, etc. There are many other things alleged by the complaint not necessary to be stated, as in our judgment they are immaterial. The purpose of the complaint was merely to obtain an injunction. The court below sustained a demurrer to the complaint, based upon the ground that it did not state sufficient facts, and upon that ruling the plaintiffs bring the case before us.

A great variety of questions are presented in argument, and quite a number of them are constitutional questions, upon the discussion of which much labor and ingenuity have been expended. These can never be trifling; indeed, no graver class of questions can possibly be presented for the consideration of any judicial tribunal. They should always be approached with caution, considered with great care, and sustained only in very clear cases. This court should not be anxious to strike down what the law-making power, with the sanction of the executive, has enacted, especially when it is not essentially mischievous and unwise.

Generally, we shall deem it proper to waive the consideration of such questions, whenever we can do so consistently with the duty which the constitution and laws impose upon us. We accordingly do so in this case.

The constitution expressly prohibits the taking of private property for public use, by a private corporation, unless just compensation therefor be first assessed and tendered. Art. 1, sec. 21. In the present case, this assessment was made under the provisions of section 7 of the turnpike act. It is urged that that act was repealed by the code, passed subsequently, providing another mode of making the assessment. 2 G. & H. 315. We do not think so.

Precisely a similar question was decided by this court in *McMahon* v. *The Cincinnati, etc. Railroad Company,* 5 Ind. 413. It is perfectly within the power of the legislature to provide several different modes of proceeding by which the object may be attained. That is done as to the taking of lands for right of way, and either mode may be lawfully adopted.

In the present case, the corporation, by its proceedings before the justice, secured the right to take twenty-two and a half feet of the plaintiffs' land upon the south line thereof, and under color of the right thus obtained, it is about to take just twice the quantity condemned; and for

the most part not included within the description sought to be appropriated by the proceedings before the justice. This it can not do, if the section of the constitution already cited is to have the effect which its language plainly imports. The fundamental law of the state assures the plaintiffs against the threatened deprivation of their land, until just compensation shall first be tendered to them. The legislature has provided a choice of methods by which the turnpike company may ascertain what amounts to a tender; it proposes to take the land without making the tender, and without even ascertaining what sum must be ultimately paid; for the proceedings before the justice did not relate to the land about to be taken, and can have no influence upon the present case. Can this be lawfully done? Certainly not; it is not claimed that it can be. Shall it be prevented? The appellees insist that it shall not be *prevented,* but that the plaintiffs shall be left to their action of trespass; or, to state the proposition in terms exactly equivalent, that the property may be taken *first,* and the compensation ascertained, and paid or tendered *afterward,* and damages also obtained. It need scarcely be observed that the constitution is otherwise; and we know of no mode of enforcing obedience to it but by injunction. It must not be frittered away. Cases decided, where compensation was not required to *precede* the taking, can not be authority upon this question.

An analogous question arose in the case of *The People et al.* v. *Law et al.,* 34 Barb. S. C. Rep. 494, in which *Hogeboom,* J., in delivering his opinion, said: "I think an injunction is proper to prevent such appropriation, until compensation is provided. For: 1. It is the usual remedy, or one of the usual remedies, and established, and recognized by repeated adjudications of our courts. *Davis* v. *The Mayor of New York,* 14 N. Y. 526; *Williams* v. *New York Central Railroad,* 16 *Id.* 97; *Attorney General* v. *Cohoes Company,* 6 Paige, 133; *Livingston* v. *Livingston,* 6 Johns. Ch. Rep. 497; *Wetmore* v. *Story,* 22 Barb. 415;

*Corning* v. *Lowerre,* 6 Johns. Ch. Rep. 439; *Lawrence* v. *The Mayor, etc.,* 2 Barb. S. C. Rep. 577. 2. The taking of this property without compensation is a palpable act of usurpation, a violation of an absolute property right, without pretense of justification, serious in its consequences, permanent in its duration, and, in a certain sense, of irreparable injury to the proprietors. Story's Com. on Eq. Jur., secs. 907, 909; Code, sec. 219; *Benson* v. *Mayor of New York,* 10 Barb. 226; *Davis* v. *Mayor,* 14 N. Y. 506; *Milhan* v. *Sharp,* 17 Barb. 445. 3. If the injunction is not granted, it will furnish occasion for numberless trespass suits, and involve the parties in perpetual litigation.

" My conclusion, therefore, is that the temporary injunction was rightfully awarded, so far as it applies to the taking of the property of *Earl* and *Bartholomew,* and should be continued."

The case of *Bolster* v. *Catterlin,* 10 Ind. 117, cited by the counsel of appellee, and insisted on as an authority directly in point, bears no analogy to the case at bar; that was the unauthorized act of the supervisor; he was the agent of the public; he was acting beyond his power; it thereby became his own act, and was a private trespass; his act could not, under the circumstances, be an appropriation of private property for public use; the owner could at any time resume possession of his lands; there was no right to have compensation, for there was no valid act of appropriation, nor was there any act that time could ripen into such appropriation, save only the statute of limitation. But not so in the case in judgment; here was a permanent location of the road of the defendant, under color and claim of right, a recognized right, coupled only with a condition precedent, which may be waived.

Indeed, the power of the court to grant an injunction in cases of this kind has been repeatedly recognized by this court.

In the case of *The New Albany and Salem Railroad Company* v. *Connelly*, 7 Ind. 32, Mr. Justice *Perkins*, in delivering the opinion of this court, says: "Here the proprietor had all the time that elapsed between the location and the commencement, upon his land, of the construction of the road. Why did 'he not file his claim as the statute requires? Had he done so, and had the company failed to give time for its trial according to law, before proceeding with their work, then, under the provision of the constitution requiring prepayment, the court would have interfered, and restrained them by injunction."

See, also, the case of *The Lafayette Plank-road Company* v. *The New Albany and Salem Railroad Company*, 13 Ind. 90.

Judgment reversed; cause remanded to said court, with direction to overrule the demurrer to the complaint, and for further proceedings in accordance with this opinion. Costs against appellee.

*F. T. Hord*, for appellants.

*R. Hill* and *Joseph M. Rogers*, for appellees.