## DAUBENSPECK *v.* DAUBENSPECK.

PRACTICE.—*New Trial.*—When the allegations in an answer are found to be true, and the finding is sustained by the evidence, it is not error to overrule a motion for a new trial, assigning for cause the insufficiency of the evidence.

Daubenspeck *v.* Daubenspeck.

SAME.—The sufficiency of an answer cannot be tested by a motion for a new trial.

From the Hamilton Common Pleas.

*D. Moss* and *F. M. Trissal*, for appellant.

*J. W. Evans* and *R. R. Stephenson*, for appellee.

OSBORN, J.—This was an action brought by the appellant against one James Farley and the appellee, on a promissory note made by them to the appellant, payable with fifteen per cent. interest. The appellee answered that he executed the note as the surety for Farley, who was the principal, of which the appellant at the time had full notice; that after the maturity of the note, in consideration that Farley would continue to pay fifteen per cent. interest on the note, the appellant extended the time of payment, at divers times and for different periods, from the 4th day of March, 1869, to the 1st day of November, 1871; and in particular did, on the 1st day of December, 1871, so extend the time of payment of said note to the 1st of March, 1872. To this answer, there was a reply in denial.

The issue was tried by the court, who found for the appellee. The appellant filed a motion for a new trial, stating as a reason therefor, that the finding was not sustained by sufficient evidence.

The summons had been returned not found as to Farley. After the filing of the motion for a new trial, he appeared, and in discharge of a rule taken against him by the appellant, filed an answer, and the appellant was ruled to reply. No further notice is taken of Farley.

The motion for a new trial was overruled, an exception taken, and judgment rendered for the appellee against the appellant for costs.

The only error assigned is, that the court erred in overruling the motion for a new trial.

The evidence is set out in a bill of exceptions, and it sustains the finding of the court. Farley testified that after the note became due, he made an agreement with the appellant, by which he was to pay him fifteen per cent. interest, if he

would extend the time of payment until the spring cf 1872; that the appellant extended the time of payment until March, and that appellant knew that appellee was surety on the note. The appellee testified that the appellant told him that he had extended the time of payment; that he could borrow money at ten per cent., and that he was making a good thing out of Farley; that he had no knowledge of such extension until after the time had been granted, and not until told of it by the appellant; that he repeatedly told appellant to make his money on the note. Another witness testified that after appellant had been to Illinois where Farley lived, he told him that he had agreed with Farley to wait until spring, if Farley would pay him fifteen per cent. The appellant was a witness in his own behalf and denied all that was testified to by the other witnesses about his agreement; denied ever extending the time, and denied that he ever admitted that he had agreed to do so. James Farley, on being recalled, testified that he agreed to pay the appellant fifteen per cent., the same that the note was drawing, if he would wait on him till March 1st, 1872.

On this conflict of the evidence, the court found for the appellee, and under the uniform rulings of this court, we cannot disturb the finding.

Counsel have argued the question of the validity of the contract to extend the time, but that question is not properly before us. That might have been raised by demurrer to the answer or perhaps by a motion for judgment notwithstanding the finding. But when the allegations in an answer are found to be true, and the finding is sustained by the evidence, it is not error to overrule a motion for a new trial. The sufficiency of an answer cannot be tested in that way. A new trial is only a judicial re-examination of the issues of the facts in a case. *Milliken* v. *Ham*, 36 Ind. 166, 171.

The motion for a new trial only questioned the sufficiency of the evidence to sustain the finding of the court, on the issues of fact raised by the answer. The error assigned only questioned the ruling of the court on that motion. We can-

not properly consider anything not legitimately before us. But see *Hamilton* v. *Winterrowd*, 43 Ind. 393. The court committed no error in overruling the motion for a new trial.

The judgment is affirmed, with costs.