FROM STRAFFORD CIRCUIT COURT.
The bill alleges that the plaintiffs are a corporation existing under the laws of the state, owning a railroad extending *Page 201 
through the city of Dover, and are the owners of the land covered by said road, and of other lands in said city adjoining their said railroad, which are necessary for the safe and convenient operation of their road, and that they are now and for more than twenty years have been operating their said road over their said lands; that the Portsmouth Dover Railroad, without right or authority, have threatened to enter upon the lands of the plaintiffs, and run their cars and engines over the railroad of the plaintiffs, and place tracks across their tracks; that said acts so threatened would be to the irreparable injury of the plaintiffs; that the Portsmouth Dover Railroad threaten to apply to the railroad commissioners to assess the damages; that they made a location of their road on the plaintiffs' said land about November 18, 1872; that they made another location June 14, 1874, and on the same day filed a location of a connection between the Portsmouth Dover Railroad and the Dover 
Winnipiseogee Railroad; and on the twenty-eighth day of November, 1874, made still another location of their said road over the plaintiffs' land — all of which locations were duly filed in the office of the secretary of state; that said locations are invalid and void; that they are numerous and dissimilar, and the plaintiffs cannot proceed to procure a change until it shall be determined which, if either, of said locations are valid; that they all pass over the plaintiffs' land, and will work irreparable injury, damage, and mischief. They therefore pray for an injunction restraining the defendants from entering upon their land and constructing their railroad, and that they be required to answer fully upon which, if either, of said supposed locations they propose to rely, and claim to be valid.
The defendants answer, admitting or denying all the material allegations in the bill; and they also say that the plaintiffs have an adequate remedy, according to the course of the common law and by the statutes of the state, and are not entitled to proceed by bill or petition in equity; and they claim the same rights as if they had demurred to the plaintiffs' bill, or pleaded thereto.
Sec. 5, ch. 146, Gen. Stats., provides that "a railroad, being authorized by grant of the legislature, the grantees, by their agents and engineers, may enter upon any land which falls within their route, and make such surveys as they deem necessary."
Section 6 provides that they may locate the route for their railroad where they deem it most suitable.
Section 10 provides that "if from any cause they cannot or do not obtain deeds of lands they deem necessary for their road, they may apply by petition to the railroad commissioners to appraise the damages to the owners of such lands occasioned by such railroad."
Section 11 provides that any owner of land over which such railroad is located, who is aggrieved by such location, may, at any time before his damages are assessed, present his petition to the railroad commissioners, praying for a change in the location of such railroad.
The remaining sections of this chapter point out particularly what other proceedings are to be had in such cases. It will be seen by an *Page 202 
examination of these provisions that the most ample remedy is provided by the statute in cases like the present.
It is a well settled principle of equity jurisprudence that the court will not ordinarily interfere by injunction, and will not take jurisdiction where the party has a plain and adequate remedy at law. It will not interfere in cases of disputed rights until the right has been determined at law. Coe v. Lake Co., 37 N.H. 254; Burnham v. Kempton, 44 N.H. 78, Bean v. Coleman, 44 N.H. 539; Ranlett v. Cook, 44 N.H. 512.
Before the defendants can make any entry upon the plaintiffs' land, aside from making surveys with a view to the location of their road, they must, if they do not agree with the plaintiffs upon the amount of damages, apply under the statute to the railroad commissioners for an appraisal. This petition must of course describe by metes and bounds the lands they propose to take, and for which they ask to have the damages appraised.
The plaintiffs will then have full knowledge of the location which the defendants claim to act upon, for the railroad commissioners are bound to give the same notice to the land-owners as the county commissioners in the case of highways.
If the plaintiffs then find themselves aggrieved, they can petition for a change of location; and the railroad commissioners are the tribunal to determine that question.
If the defendants proceed to construct their road, and in any manner to interfere with the plaintiffs' premises, except to make the preliminary surveys with a view to the location of their road, before the damages have been adjusted or appraised by the commissioners and tendered to the plaintiffs, it is a plain case of trespass, for which the common law affords ample redress.
But the plaintiffs urge that this court should entertain jurisdiction, because the defendants have threatened to enter upon their land and construct their road, and thereby obstruct the plaintiffs in the proper use of their road; and if they carry out their threats irreparable mischief will be done to the plaintiffs; — and these charges being made, the plaintiffs say that the defendants, by the demurrer, admit them to be true.
While it is true as a general proposition that a demurrer to a bill in equity admits the truth of all the material allegations that are well stated, yet, in cases of this character, that proposition is not to be taken as true in its fullest extent. It is not enough that the plaintiff in his bill makes this charge. Such a statement is to be regarded as the expression of the opinion of the plaintiffs upon their case. The court are not precluded from looking to the facts alleged as setting forth the nature of the grievance and the extent and character of the threatened injury, for the purpose of determining whether, upon the facts, the case is or may be one of irreparable injury. Coe v. Lake Co., supra.
Upon looking at the facts alleged, so far as I can understand them, *Page 203 
they present nothing of a serious nature either in the subject-matter or in the injury threatened. It is nowhere alleged that the defendants propose to obstruct entirely the operation of the plaintiffs' road. All that is said is, that their acts may render the operation of the plaintiffs' road difficult and dangerous. I can see no reason why such an injury can in any sense be called irreparable.
Another ground on which the court are asked to interfere by injunction is, that it will prevent a multiplicity of suits; but this is no sufficient reason. In the case of a nuisance, the court will not ordinarily interfere by injunction until after the right has been settled by an action at law.
I am therefore of opinion that this bill cannot be maintained, for the reason that nothing has yet been done of which the plaintiffs have any just cause of complaint; and for the further reason, that if anything has been done in conflict with the rights of the plaintiffs, they have a plain and adequate remedy at law.
CUSHING, C. J., concurred.