It is not claimed that the Portsmouth Dover Railroad, in making any one of the several locations or partial locations of which there was evidence at the hearing, went outside the limits of their charter. There is no suggestion in the case but that, if the plaintiffs are aggrieved by the location, they are still in a position to apply to the railroad commissioners, under Gen. Stats., ch. 146, sec. 11, for a change. The defendants gain no right to enter upon the land to do any act in the construction of their road until the plaintiffs' land damages are awarded and paid, or tendered — Gen. Stats., ch. 146, sec. 20; and that the damages cannot be awarded until the location is established is self-evident. What follows? If the defendants have no valid location over the plaintiffs' land, they will be trespassers the moment they enter thereon to make their road; and, further, they may be restrained by injunction from proceeding with the work. 1 Redf. on Railw. 336, and cases cited; Sidener v. Norristown, c., 23 Ind. 623. Admitting every position and claim of the plaintiffs to be correct, what need have they of an injunction? If the defendants have not succeeded in getting a legal location of their road, there are probably ways in which they may yet accomplish that end; and until they do so, and have the damages awarded, they cannot move a step in its construction. The first thing for the commissioners to do, in the performance of their duty under the statute, must be to determine whether there has been a legal location. If it is an open question which one of several locations is valid, that question must be settled before there can be any basis whatever upon which to assess the damages, and so give the defendants a right to enter.
This court, sitting as a court of equity, has no power or jurisdiction for the superintendence of inferior tribunals of any sort. What would be the remedy of the plaintiffs in case the commissioners should err in *Page 204 
determining a question of law upon which their jurisdiction depends, we need not inquire.
The proceedings for the location of a railroad are all under the stattue [statute]. The rights and liabilities of the parties depend upon the statute, and the statute provides the remedies to be pursued. It is said to be well settled, notwithstanding some exceptional cases, that the remedy given by statute to land-owners, for injuries sustained by taking land for railways, is exclusive of all other remedies, and not merely cumulative. 1 Redf. on Railw. 334. I think the plaintiffs in this case do not show any sufficient reason for interference by the court with the usual and ordinary course of proceedings under the statute, especially when it is not pretended that their rights of property have as yet been actually infringed.
Judgment for the defendants on the demurrer.