Kyle *v.* The Board of Commissioners of Kosciusko County.

Filed March 12, 1884.

. No. 10,856.

KYLE *v.* THE BOARD OF COMMISSIONERS OF KOSCIUSKO COUNTY.

HIGHWAY.— *Vacation of.—Location of Bridge.— County Commissioners.—Injunction.—Pleading.*—Complaint to enjoin the erection of a bridge upon plaintiff's land. Answer that the *locus in quo* was a public highway; that a proper order had been made vacating the highway upon certain conditions to be performed by the petitioners therefor, which had not been performed. Reply showing by proper averments a lawful petition to vacate that part of the way and establish it elsewhere, notice thereof, and an order by the board granting the prayer upon report of viewers, and that the new way was opened by the proper authority, and made as good as the old.

*Held,* that the answer was good, also the reply.

SAME.—In a proper case wrongful entry on land to make a public way or bridge may be prevented by injunction.

From the Kosciusko Circuit Court.

*C. Clemans,* for appellant.

*L. H. Haymond* and *L. W. Royse,* for appellee.

ELLIOTT, J.—The complaint alleges that the appellant is the owner in fee of lands upon which the appellees have wrongfully entered and upon which they are about to construct the abutments of a public bridge. The answer avers that the land upon which appellees entered has been for more than twenty years a public highway of the county; and that for the same length of time a bridge had spanned a stream at the point where they were engaged in constructing the bridge described in the complaint.

The answer is good. A road used as a public highway for

twenty years vests a right in the public of which the owner of the fee can not divest them.    The commissioners have authority to erect bridges over streams whenever the public safety and convenience require them.

Whether bridges shall or shall not be constructed is a matter largely within the discretion of the commissioners, and it is a familiar rule that courts will not interfere with the exercise of discretionary powers vested in an inferior tribunal.

Where a highway touches a stream over which it becomes necessary to construct a bridge, in order to enable the public to use it, the public authorities may rightfully place the abutments upon the way.    Where a right to a public way is acquired by express or implied dedication, or by prescription, and the way leads to a stream which requires a bridge, the right to erect one is impliedly vested in the public.    This results from the familiar rule that the grant of a principal thing carries with it all incidents, and the right to make a way continuous, so as to afford the public a safe and convenient way for travel, is an incident to all highways.

The answer does not show a vacation of the highway.    It is true that it sets forth an order vacating it upon the performance of certain acts by the persons petitioning for the vacation, but it expressly avers that these acts have not been performed, and that there has been no vacation.    It is a very ancient rule of the law that vacations of highways are not favored, and that the presumption will always be in favor of their continuance.    It was said by Judge COLERIDGE, in *Reg.* v. *Jones,* 12 Ad. & E. 684: " There is no part of the administration of the law by justices acting on their own authority in which it is more necessary for the court to look closely at their proceedings than the stopping of highways." *Rex* v. *Marquis of Downshire,* 4 Ad. & E. 698 ; *Rex* v. *Justices of Kent,* 10 B. & C. 477 ; *DePonthieu* v. *Pennyfeather,* 6 Taunt. 634 ; *Rex* v. *Justices of Kent,* 1 B. & C. 622.    The rights of the public in the way can only be divested by proceedings au-

Kyle *v.* The Board of Commissioners of Kosciusko County.

thorized by law, and there must be a full and substantial compliance with all the requirements of the statute.

The reply contains, in substance, these allegations: That the plaintiff and twelve other freeholders, residents of the township in which the highway is situated, and within the immediate neighborhood of the road, petitioned the board of commissioners to vacate the way described in the answer and to locate a new one; that the part of the way sought to be vacated was on the appellant's land, and the new way petitioned for was asked to be located thereon at a point near the old; that proper notices were posted in three public places of the township, in the immediate vicinity of the highway, for more than twenty days next preceding the meeting of the board; that the board assumed and had jurisdiction of the petition, and appointed three viewers to examine the proposed vacation and new route; that, after being sworn, they did make the view, and reported in writing that the vacation of the old and the opening of the new way would be of public utility, and recommended that it be so ordered; that the report was adopted at the June term, 1882, of the commissioners' court, and that an order was made and entered vacating the old and establishing the new way; that on the first day of August, 1882, the auditor issued an order to the road superintendent to open the new road, and he did open it, and made the proper entry of record; that under that order the plaintiff cut a way for the new road, and made it as good and passable as the old was; that the board of commissioners let the contract for building the new bridge to one Alonzo Doty, and that he proceeded thereunder so far as to place a part of the material needed for the bridge on the ground, and had bought the iron work of the bridge, when the defendants abandoned the building of the bridge on the new road, and, without authority of law, proceeded to build it upon the old.

We have no brief from the appellees, and we can not ascertain on what ground the reply was held bad. In our opin-

ion there is no fatal defect in that pleading. The law fully authorizes the board of commissioners to change the line of a road by vacating the old and establishing a new road. Sec. 5049, R. S. 1881. The petitioners for the change gave the notice required by law. The provisions of the statute authorizing the change are shown to have been substantially complied with, and both the old and the new way are on the land of one person, and we are unable, therefore, to conceive any reason why there was not a valid judgment changing the location of the road by vacating the old and establishing a new way.

It is settled law that where an ordinary highway is vacated according to law, the owner of the fee is reinvested with an absolute right of dominion, and that an unauthorized entry on the land, formerly occupied as an highway, will constitute a cause of action.

A judgment or order duly made, directing the establishment of a new and the vacation of an old highway, is not one that the board of commissioners can set aside or amend at their pleasure. When the order or judgment has been made and recorded, the authority of the commissioners is exhausted, and they have no right to change or vacate it, and of course no right to disregard or ignore it. *Board, etc.,* v. *State, ex rel.,* 61 Ind. 75 ; *Doctor* v. *Hartman,* 74 Ind. 221 ; *Board, etc.,* v. *Logansport, etc., G. R. Co.,* 88 Ind. 199.

It is true that an injunction will not be granted to restrain the commission of a simple trespass, but it is also true that an injunction will lie where the entry on land is under a claim of right which might, by lapse of time, grow into a title. In this case, if the appellant had tacitly assented to the building of the bridge on the line of the abandoned highway, and a considerable period of time had elapsed without objection on his part, a dedication might have been presumed against him, and to prevent such a result he had a right to an injunction against the unauthorized use of his land for the purposes of a highway. A land-owner has a right to invoke

the strong arm of the courts to prevent a permanent wrongful occupancy or appropriation of his land. *Webb* v. *Portland Man'fg Co.*, 3 Sum'n. 189; *Ross* v. *Thompson*, 78 Ind. 90; 2 Story Eq., sec. 924.

Judgment reversed.

Filed March 11, 1884.