City of New Albany *et al. v.* White.

Filed Jan. 31, 1885.

———————◆———————

No. 10,721.

CITY OF NEW ALBANY ET AL. *v.* WHITE.

PRACTICE.—*Striking out Pleadings.*—*New Trial.*—That a pleading or part thereof has been erroneously struck out, is not cause for a new trial; such ruling can only be presented to the Supreme Court by an assignment of error founded thereon.

INJUNCTION.—*City.*—*Streets.*—Where a city is about to take land for a street wrongfully, under color of right, without assessment and tender of compensation, the owner may have injunction.

From the Floyd Circuit Court.

*J. V. Kelso* and *J. H. Stotsenburg*, for appellants.

*A. Dowling*, for appellee.

COLERICK, C.—This action was instituted by the appellee against the appellants, to enjoin them from entering upon certain land, alleged to be owned and occupied by the appellee, and removing therefrom the fences, trees and improvements thereon, and using the same for a street.

It was averred in the complaint, that the appellee was then, and for more than eight years prior thereto had been, the owner in fee simple of the following described real estate in the city of New Albany, Indiana, to wit: All that part of out-lot C, north of Upper Elm street, which begins at a

City of New Albany *et al. v.* White.

point on the line of said street five feet eastward from the southwest corner of said out-lot; thence eastward along the line of said street twenty-five feet; thence, at right angles, northward two hundred feet to an alley; thence, at right angles, westward along the line of said alley twenty-five feet, and thence, at right angles, southward two hundred feet, more or less, to the place of beginning; that he had expended large sums of money in grading said land, and had caused it to be enclosed with substantial fences, and set in grass, and had planted, and was then cultivating, therein a large number of valuable fruit-bearing trees; that he was also the owner and in the possession of other real estate immediately adjacent to said land, on the eastern side thereof, fronting one hundred and twenty-two and a half feet on said Upper Elm street and extending back northward therefrom two hundred feet, on which a large and valuable brick building, used and occupied as a family residence, and divers outbuilding, sheds and other improvements were located, the convenient use and value of which greatly depended upon and were largely increased by the land first described, which was embraced in the enclosure upon which said buildings were erected; that the city of New Albany and its co-appellant Carpenter, the marshal of said city, were then threatening to enter upon the land first described, and remove therefrom said fences and improvements, and cut down said fruit trees; that in pursuance of said wrongful and unlawful design, the common council of said city, at a regular meeting thereof, held on the 7th day of March, 1879, adopted a resolution and passed an order directing and requiring said Carpenter, as such marshal, to perform the acts so threatened, and throw open the appellee's said enclosure, and that said marshal had notified the appellee that he would thereafter, on a day named, proceed to execute said order, and that appellee believed that said marshal would execute the same unless he was restrained by the court from so doing.

It was further averred that no proceedings had been taken

by the city to condemn or appropriate said land, as or for a street or other public highway, and that no assessment of benefits and damages had been made by the city commissioners, as provided by the statute in such cases, and that no license to enter upon and appropriate said land had ever been granted to said city by the appellee or his grantors, and that the proceedings of the city were wrongful, unlawful and without authority, and that said land and the improvements thereon, were reasonably worth $7,000, and that said land was necessary to the convenient use and enjoyment of said residence, and that the opening of said enclosure and the removal of said fences and the use of said land by the city as a street or highway would cause irreparable damage to said premises and to the appellee. Wherefore he prayed that the appellants be enjoined from doing said acts, etc.

To this complaint an answer, in four paragraphs, was filed. The first paragraph was a general denial. On motion of the appellee a part of the third paragraph was stricken out, on the ground that the matters therein stated were immaterial, and, if material, might be proved under the first paragraph. Separate demurrers to the several paragraphs, except the first, were then overruled, and thereupon a reply was filed.

The issues, so formed, were tried by the court, resulting, over a motion for a new trial, in a finding and judgment in favor of the appellee.

The errors assigned are: 1st. That the court erred in overruling the motion for a new trial. 2d. That the complaint does not state facts sufficient to constitute a cause of action. The only causes specified in support of the motion for a new trial, urged in this court, are, that the finding of the court was not sustained by sufficient evidence, and that the court erred in sustaining the motion to strike out a part of the third paragraph of the answer, above referred to.

The evidence is set forth in the record. It is conflicting, but tends to sustain the finding of the court, and, therefore, it is unnecessary, and would be useless in this action, for us

City of New Albany *et al. v.* White.

to consider and determine the many interesting and important questions arising out of the weight of the evidence, which have been presented and ably argued by counsel, as we can not, under the long and well established practice of this court, disturb the finding of the court on the weight of the evidence.

The ruling of the court on the motion to strike out a part of the third paragraph of the answer constituted no cause for a new trial. See *Chase* v. *Arctic Ditchers*, 43 Ind. 74; *Daubenspeck* v. *Daubenspeck*, 44 Ind. 320; *Tucker* v. *Call*, 45 Ind. 31; *Hamilton* v. *Elkins*, 46 Ind. 213. Such a question can be presented to this court for review only by an assignment of error founded on the ruling. *Reed* v. *Spayde*, 56 Ind. 394; *Cates* v. *Thayer*, 93 Ind. 156. As stated in *Reed* v. *Spayde*, *supra*, " The question is not properly presented. If an error was committed it was not an ' error of law occurring at the trial.' It is obvious that a new trial would not correct such an error; for after a new trial was granted, the error would stand in the record the same as before." In this case the ruling complained of has not been presented to this court by an assignment of error founded thereon, and, therefore, its correctness is not properly before us for consideration. No error was committed in overruling the motion for a new trial.

The only objection urged by the appellants to the sufficiency of the complaint is, that it does not present a case for an injunction. We think otherwise. An injunction is the proper remedy to prevent the making of a permanent location of a street or other highway, on the land of an individual, under color and claim of right, before just compensation has been assessed and tendered therefor. See Hilliard Inj. 641; *Sidener* v. *Norristown, etc., Turnpike Co.*, 23 Ind. 623; *Kyle* v. *Board, etc.*, 94 Ind. 115. And to same effect, *Erwin* v. *Fulk*, 94 Ind. 235. In High on Injunctions (2d ed.), section 578, it is said: " The preventive jurisdiction of courts of equity by the writ of injunction is frequently invoked to restrain the opening of streets and highways because of the refusal or

omission of the public authorities to make proper compensa-
tion to property owners for damages incurred in taking their
land for public use.    And the principle is well established in
cases of streets and highways, as in cases of railroads, that
the failure to make or tender due compensation to the owner
of land for damages incurred by taking his land for the pur-
poses of a road or street, will justify relief by injunction at
the suit of the property owner until his damages are properly
adjusted, or until just compensation is made therefor.  In such
cases the jurisdiction is exercised for the prevention of irrep-
arable injury which would necessarily result from the prose-
cution of such public works without just compensation being
first made to the property owner, the ordinary legal remedies
being regarded as inadequate to afford satisfactory relief."

The complaint was sufficient.

As there is no error in the record the judgment ought to be
affirmed.

PER CURIAM.—The judgment of the court below is af-
firmed at the costs of the appellants.

Filed Dec. 13, 1884.   Petition for a rehearing overruled April 25, 1885.