City of Ft. Wayne *et al. v.* Ft. Wayne and Jackson R. R. Company.

in the common service of the master, not involving some duty of the master, he is a fellow servant. *New Pittsburgh, etc., Co.* v. *Peterson,* 136 Ind. 398, and authorities there cited.

It cannot be that the master, when he has supplied a safe place to work, has furnished tools and appliances free from fault, and when he has not been careless in the employment of unskilful servants, is required also to have present, as each act of each servant is performed, some one to warn the servant against the improper use of the appliances furnished. If he is not so required, then it is clear that Marion's failure to suggest the danger from striking the spring with the heavy iron was not the failure of the company, and his failure was that of a fellow servant.

With this conclusion it is not contended that the appellant was entitled to recover. We might, however, suggest the absence of evidence that the decedent, who was a mechanic of years of experience in the line in which all were then engaged, was free from the same negligence claimed against Marion, namely, in not foreseeing the result of striking the spring.

There is no possible view of the case upon the evidence in the record which would have justified a verdict for the appellant, and the circuit court did not err in directing the verdict.

Judgment affirmed.

THE CITY OF FORT WAYNE ET AL. *v.* THE FORT WAYNE AND JACKSON RAILROAD COMPANY.

[No. 18,135.    Filed November 23, 1897.]

INJUNCTION.—*Condemnation Proceedings.—Notice.—Opening Street. —Statute Construed.—*An injunction will lie to prevent the taking of land by a city for a street, under sections 3623, 3629 *et seq.,* Burns' R. S. 1894, where the owner thereof had no notice of the condemnation proceedings, and was not made a party thereto, notwithstand-

City of Ft. Wayne *et al. v.* Ft. Wayne and Jackson R. R. Company.

ing the provisions of sections 3636 and 3644, Burns' R. S., 1894, for assessment and payment of damages which have not been assessed to persons who have had no notice of such proceedings, and providing that no injunction shall lie to restrain such proceedings unless property is sought to be appropriated upon which damages have been assessed and not paid or tendered.

From the Whitley Circuit Court. *Affirmed.*

*W. H. Shambaugh* and *Henry Colerick,* for appellants.

*John Morris, Robert C. Bell, James M. Barrett* and *Samuel L. Morris,* for appellee.

HACKNEY, J.—The appellee sought and obtained, in the lower court, an injunction denying the right of the appellants, the city of Fort Wayne and her officers, to extend Fourth street in said city across the switch yards and tracks of the appellee, The Fort Wayne and Jackson Railroad Company. The city had, by proceedings under sections 3623, 3629 *et seq.,* Burns' R. S. 1894, established the extension and, at the time of the filing of this suit, was about to open the street across the appellee's right of way, switch yards, and tracks, and was engaged in removing buildings, filling approaches, and constructing said street, but in said proceedings she· had wholly failed to give the appellee any notice thereof, and appellee was not a party to, was not named in, and was not present or represented at or in any of said proceedings; nor was any question of the appellee's damages considered in said proceeding, and no damages were assessed, paid or tendered to the appellee, although the proposed extension would result in damage to the appellee in the sum of many thousands of dollars, in the taking of its property and the loss of its uses.

On behalf of the appellants, it is insisted that the statute, section 3636, Burns' R. S. 1894, afforded a legal remedy to the appellee, and that, therefore,

City of Ft. Wayne *et al. v.* Ft. Wayne and Jackson R. R. Company.

equity would not extend its remedy of injunction, and, it is further insisted, that section 3644, Burns' R. S. 1894, expressly denied the right of injunction.   For the appellee, it is contended that the absence of notice rendered the proceedings void, and that the taking of the property was properly enjoined.

It is a rule of the constitution that "property shall not be taken by law without just compensation; nor, except in case of the state, without such compensation first assessed and tendered."   Section 66, Burns' R. S. 1894.   The statute under which the condemnation in question was sought does not obviate this constitutional guaranty, but prescribes a method of compliance therewith.

The federal constitution requires that the property of the individual shall not be taken without due process of law, and notice, under this requirement, is essential.   The statute under consideration provides for a compliance with this requirement.

In construing the statute, therefore, we must read it as if these constitutional provisions were a part of it, and as if it did not narrow, but fully supplied these constitutional guaranties.

It is not denied, and without doubt could not be, that in the absence of sections 3636 and 3644, *supra,* injunction would lie to stay the opening of the street across the yards.   Section 3636, *supra,* provides that "Upon the application of persons whose lands or property shall have been assessed, but who have not had notice (which they must affirmatively show), the city clerk shall notify said commissioners, who shall meet upon their own motion, hear and determine the claims of such persons (to whom five days' notice shall be given), and report to the council.   In case they are entitled to damages which have not been assessed, the same shall be paid out of the city treasury; *   *   *"

Section 3644, *supra*, provides that "If the commissioners make a report to the common council, as herein provided, no injunction shall lie to restrain proceedings, unless the common council shall proceed to appropriate property upon which damages have been assessed, without first causing the same to be paid or tendered; but all other questions shall be raised and tried by appeal in cases where damages have been assessed, paid or tendered."

By the first of these provisions a remedy is given to one whose property has been assessed, but who has not been notified. This provision is upon the one element of damages, and affords no hearing with reference to the condemnation. While the hearing may not avail to defeat the condemnation, because the city may have a discretion in the matter of condemnation which is not subject to review, it must, nevertheless, be true that the property of the citizen may not be condemned for a public use without due process of law.

In Elliott on Roads and Streets, p. 232, it is said that "It is essential that persons who have interests directly affected by proceedings in highway cases should, in some appropriate method, be made parties to the proceedings. Where there are substantial rights in property the owners of those rights should, in accordance with a fundamental principle underlying all proceedings of a judicial character, have their 'day in court.' This can only be accomplished by making them parties to the proceedings. It is difficult to perceive how a person can be justly said to have his 'day in court,' unless he is in some way made a party to the proceeding instituted for the purpose of taking his property from him, or of laying a burden upon it," etc. Again, on p. 233, the author says: "A proceeding to establish a highway, and to appropriate property for that purpose, cannot be justly considered an *ex parte*

proceeding  *  *  *  *.  In truth, a statute attempting
to make such a proceeding an *ex parte* one would be in
conflict with the constitution, for the reason that, in
an *ex parte* proceeding, there can be no due process of
law within the meaning of the constitution.  *  *  *  *
It is, indeed, not within the power of the legislature to
deprive one who has an estate in real property of the
right to contest the effort to take it from him or burden
it with a lien, no matter by whom the effort is made."

It must, therefore, be true that, if the above quoted
part of section 3636 afforded a remedy on the ques-
tion of assessment of damages, it could not be en-
larged so as to include a hearing upon the question of
the taking of the property. However, we think it may
be safely said, that, upon the strict construction which
should be applied to all statutes in derogation of com-
mon right, each of the sections of the statute quoted
applies only to the cases of those whose lands "have
been assessed." While it appears that damages, grow-
ing out of the extension of the street, were assessed in
favor of a lessee of the appellee, it cannot be held that,
as to the appellee, damages were assessed, when it was
not a party to the proceeding by name, by appearance
or by notice, and its rights were not considered or de-
termined.

We think it evident, when the statute is read in
the light of the constitutional guaranties mentioned,
that the legislature did not intend to condemn lands
for public use without the owner of such lands having
some notice of the proposed condemnation, and with-
out considering the damages and benefits, if any, to
such owner. Upon the question of damages it was in-
tended that when the proceedings had included such
lands, and assessments had been made, but from inad-
vertence, the owner had not been notified of the pro-
ceedings, he might obtain a hearing without disturb-

ing the assessments as to others. But it was certainly not contemplated that one in no sense a party to the proceedings, and whose interests had never been considered, should be obliged, in order to secure a hearing upon the question of damages, to enter his appearance to the proceedings, limit his rights to the question of damages and thereby waive his rights upon the question of condemnation. If damages had never been considered none could be tendered or paid, and the fair inference from the language of section 3644 is that injunction will lie in such a case.

We, of course, decide nothing with reference to the kind of notice necessary in such cases, and intend no decision upon the general subject of the sufficiency of notice. Here there was no notice, and some notice was required. We conclude, therefore, that the injunction was properly granted. This question, affecting the jurisdiction of the city, rendered its proceedings, as to the appellee, void from the beginning, and other questions, upon the merits of the controversy, are not considered.

The judgment is affirmed.