CITY OF TERRE HAUTE v. FARMERS' LOAN & TRUST CO.

(Circuit Court of Appeals, Seventh Circuit. March 2, 1900.)

No. 621.

1. MUNICIPAL CORPORATIONS—ACTIONS AGAINST CITY.

A suit against the city to enjoin the opening of a street, in the exercise of its power of eminent domain, is not a suit against the state, within the prohibition of the constitution of Indiana, as construed by the supreme court of the state.

2. SAME—CONDEMNING LAND FOR STREET—ENJOINING PROCEEDING PENDING APPEAL.

A provision of a statute that an appeal from a proceeding by a city to appropriate land for street purposes shall not prevent the city from proceeding with the appropriation cannot be construed to prevent the granting of an injunction against the taking of the property pending an appeal, where fraud or a failure to comply with statutory requirements which would render the proceedings nugatory from the beginning is charged, and it is shown that the immediate execution of the order would result in irremediable injury to the complainant, while delay would result in little or no harm to the city or public.

**3. APPEAL—REVIEW—ORDER REFUSING TO DISSOLVE INJUNCTION.**

An order of a circuit court refusing to dissolve a temporary injunction will not be disturbed on appeal, where the bill makes a prima facie case for the granting of the injunction, and the showing leaves the question fairly within the discretion of the court.

Appeal from the Circuit Court of the United States for the District of Indiana.

C. A. Korbly, for appellant.

John E. Iglehart and Edwin Taylor, for appellee.

Before WOODS, Circuit Judge, and BUNN and ALLEN, District Judges.

PER CURIAM. This appeal is from an order refusing to dissolve an interlocutory order of injunction against the opening of a street in the city of Terre Haute, Ind., pending an appeal from the order of the city council approving the report of the commissioners and directing that the street be opened. The appeal from the order of the city council was to the circuit court of Vigo county, from which the venue was changed to the circuit court of Parke county, and from that court the proceeding was removed, on the petition of the Farmers' Loan & Trust Company, to the circuit court of the United States for the district of Indiana, and is still pending in that court. The city council, notwithstanding the appeal, passed a resolution directing that the street be opened in accordance with its order, and thereupon the appellee, the trust company, brought the bill on which the interlocutory order was granted. The city entered a special appearance in opposition to the granting of a temporary restraining order, but did not answer or demur to the bill, and, it is insisted by counsel for the appellee, did not, by a full or satisfactory showing by affidavit or otherwise, refute the charges of fraud and bad faith contained in the bill.

The questions of law and fact which have been pressed upon the attention of the court are numerous, and have been argued with great elaboration on both sides; but in the opinion of the court, after a careful reading of the briefs, they need not and should not be passed upon now, but should be left to the untrammeled consideration of the court below at the final hearing in that court. There is no controlling and unquestioned proposition of law or fact on which it can be said that the interlocutory order is clearly wrong and ought to be set aside. It is contended that, in the exercise of the power of eminent domain, the city represented the sovereignty of the state, and that the suit against the city is therefore, in effect, a suit against the state, which is forbidden by the constitution of the state; but reason and the decisions of the supreme court of the state seem to be to the contrary. City of Ft. Wayne v. Ft. Wayne, W. & J. R. Co., 149 Ind. 25, 48 N. E. 242.; Kyle v. Board, 94 Ind. 115; Erwin v. Fulk, Id. 233; City of New Albany v. White, 100 Ind. 206; Sidener v. Turnpike Co., 23 Ind. 623.

The statute under which the proceeding was prosecuted allows appeals, but also provides that "such appeals shall not prevent such city from proceeding with the proposed appropriation, nor from mak-

ing the proposed change or improvement"; but this provision, it must be, was not intended to apply to a case in which fraud of a char-acter to annul the proceedings from the beginning, or a failure to comply with the statutory requirements in some respect equally fatal, is charged, and it is shown that the immediate execution of the order will work irremediable harm to the complaining party, while delay will do little or no harm to the city or public. The situation is one in which delay in the opening of the street is of no vital significance, while, on the other hand, an immediate opening, if the proceeding shall finally be determined to have been invalid, or if the city should, as it may, abandon the work, if unwilling to pay the damages which shall be assessed against it, will cause to the appellee serious injury, for which no remedy seems to be provided. The bill made, at least, a prima facie case for the granting of the interlocutory order, and the showing on the motion to dissolve, at most, left the question fairly within the discretion of the court. The order denying the motion to dissolve is therefore affirmed.