**PORTO RICO TEL. CO. v. PUERTO RICO COMMUNICATIONS AUTHORITY et al.**

No. 4504.

United States Court of Appeals First Circuit.

May 8, 1951.

S. Hazard Gillespie, Jr., New York City (Jaime Sifre, Jr., and Gonzalo Sifre, both of San Juan, P. R., on brief), for appellant.

Edgar S. Belaval, Asst. Atty. Gen. (Vicente Geigel Polanco, Atty. Gen. of Puerto Rico, and A. Torres Braschi, Asst. Atty. Gen., on brief), for appellees.

Before MARIS (by special assignment), WOODBURY and HARTIGAN, Circuit Judges.

MARIS, Circuit Judge.

This is an appeal by the plaintiff, Porto Rico Telephone Company, from a judgment of the United States District Court for the District of Puerto Rico dismissing for want of equity its complaint seeking an injunction against the defendants, Puerto Rico Communications Authority, the Governor of Puerto Rico and the Commissioners of the Interior and of Agriculture and Commerce of Puerto Rico.

The complaint asserts, and the defendants by their answer admit, that they propose and are about to condemn and take immediate possession of a portion of the telephone system of the Telephone Company in the island of Puerto Rico. The complaint avers that this action will deprive the Telephone Company of the immediate use of a portion of its property; will dis-

member its homogeneous telephone system and will destroy the unitary service which it is giving to the public. The complaint further asserts that this prospective action, although purporting to be under the Puerto Rico Communications Authority Act,[1] as amended, and the Eminent Domain Act,[2] as amended, will in fact not be authorized by those Acts but will be in violation of them and of Section 2 of the Organic Act of Puerto Rico, 48 U.S.C.A. § 737, and that it will be an illegal taking and use of said property which will deprive the Telephone Company thereof without due process of law. The complaint accordingly prays for a preliminary and permanent injunction enjoining the defendants from proceeding to take the portion of the telephone system which they propose to condemn.

A preliminary injunction was issued as prayed for and the case was referred to a special master for consideration and report. After the special master filed his report recommending the entry of a permanent injunction and after the filing of exceptions thereto the district court entered the judgment appealed from which dismissed the complaint on the ground that the court was without equitable jurisdiction to grant the injunction prayed for because the Telephone Company has an adequate remedy at law under the Eminent Domain Act. 89 F.Supp. 922.

Upon this appeal the Telephone Company strongly urges that the threatened condemnation would violate its franchise, the Puerto Rico Communications Authority Act and the Organic Act of Puerto Rico and would be an arbitrary and capricious act not authorized by the Eminent Domain Act. Upon the premise that the prospective condemnation proceeding would for these reasons be illegal and abortive the plaintiff contends that the district court had equitable jurisdiction to restrain that proceeding from being instituted or carried on. It bases this contention upon its assertion that under the Eminent Domain Act the defendants could take immediate possession of the portion of its telephone system in question, thereby dissipating, if not wholly destroying, its system before that action could be declared illegal, and that the plaintiff would be thereby irreparably injured.

It is settled that a federal court may not grant the extraordinary equitable remedy of an injunction if the complaining party has a plain, adequate and complete remedy at law.[3] And if the complaining party seeks to enjoin the threatened prosecution of a legal action the same rule applies. An injunction will not be granted if it appears that the party will have an adequate opportunity in the legal action itself to interpose by way of defense and fully to avail himself of the grounds upon which he seeks to enjoin the prosecution of the action.[4] Moreover the federal courts are particularly cautious not to intervene by injunction, except upon a clear showing of irreparable injury, where, as here, the exercise of sovereign power by a state or territory is involved in the proceeding sought to be enjoined and the grounds urged in support of the injunction are that the statutes relied on to authorize the exercise of the power in question do not, when properly construed, support its exercise.[5] For the federal courts seek whenever possible to leave such questions of statutory construction to be decided by the courts of the state or territory involved.[6] And these principles have been specifically applied to condemnation pro-

1. Act No. 212 approved May 12, 1942, Laws of Puerto Rico 1942, p. 1064.

2. Act to provide for the condemnation of private property, approved March 12, 1903, Laws of Porto Rico 1903, p. 50.

3. Matthews v. Rodgers, 1932, 284 U.S. 521, 525, 52 S.Ct. 217, 76 L.Ed. 447; 28 Am.Jur., Injunctions, § 42.

4. Deweese v. Reinhard, 1897, 165 U.S. 386, 389, 17 S.Ct. 340, 41 L.Ed. 757; 28 Am. Jur., Injunctions, §§ 41, 196.

5. Matthews v. Rodgers, 1932, 284 U.S. 521, 525–526, 52 S.Ct. 217, 76 L.Ed. 447; Hurley v. Kincaid, 1932, 285 U.S. 95, 104 (note 3), 52 S.Ct. 267, 76 L.Ed. 637; Hillsborough Tp., Somerset County, N. J. v. Cromwell, 1946, 326 U.S. 620, 622, 66 S.Ct. 445, 90 L.Ed. 358.

6. Stainback v. Mo Hock Ke Lok Po, 1949, 336 U.S. 368, 383–384, 69 S.Ct. 606, 93 L.Ed. 741.

ceedings.[7] Accordingly the Telephone Company's case must stand or fall upon the proposition which it advances, that the Eminent Domain Act does not afford it an adequate remedy for the defense of its right to retain possession of its property against the alleged illegal condemnation and seizure thereof by the defendants. If in that proceeding the Telephone Company will be afforded an adequate opportunity to have the legality of the condemnation and seizure of its property determined before it is required to part with possession of it, the judgment of the district court which was based upon the conclusion that such a remedy was afforded by the laws of Puerto Rico, must be affirmed.

We turn, therefore, to consider the Eminent Domain Act, as amended. Section 5(a) of the Act is set out in a footnote.[8]

7. State of Georgia v. City of Chattanooga, 1924, 264 U.S. 472, 483, 44 S.Ct. 369, 68 L.Ed. 796.

8. "Section 5(a).—In any proceeding which has been or may be instituted by and in the name and under the authority of The People of Puerto Rico or of the Insular Government, The People of Puerto Rico or the Insular Government acting in such proceeding either on its own initiative and for its own use or on the request of any agency or instrumentality of The People of Puerto Rico; and in every proceeding instituted or which may be instituted by and in the name of the Puerto Rico Housing Authority, or of any municipal housing authority, of any municipality of Puerto Rico, or of the Government of the Capital, for the expropriation or for the acquisition of any property for public use, the petitioner or plaintiff may file in the same cause, at the time the petition is filed or at any time before judgment is rendered, a declaration of taking for the acquisition and material delivery of the property the object of condemnation, signed by the person or entity empowered by law to seek the condemnation in question, declaring that said property is sought for the use of The People of Puerto Rico, or of the Insular Government, or of the agency or governmental instrumentality which may have requested it, or of any other petitioner or plaintiff. Said declaration of taking and material delivery shall contain and be accompanied by: (1) a statement of the authority under which, and the public use for which, the acquisition of said property is sought; (2) a description of the property sufficient for the identification thereof; (3) a statement of the estate or interest in said property the acquisition of which is sought for public use; (4) a plan, in the case of property which can be so represented; (5) the fixing of the sum of money estimated by said acquiring authority to be just compensation for the property the acquisition of which is sought.

"As soon as said declaration of taking and delivery is filed and the deposit is made in the court, for the benefit and use of the natural or artificial person or persons entitled thereto, of the amount estimated as compensation and specified in said declaration, title to the said property in fee simple absolute, or such less estate or interest therein as is specified in said declaration, shall vest in The People of Puerto Rico or in the Insular Government, or in the agency or instrumentality of The People of Puerto Rico which may have requested the expropriation, or in the plaintiff or petitioner other than The People of Puerto Rico, and such property shall be deemed to be condemned and acquired for the use of The People of Puerto Rico or of the Insular Government, or of the agency or governmental instrumentality of The People of Puerto Rico which may have requested the expropriation, or of the corresponding housing authority, of the municipality in question, or of the Government of the Capital, as the case may be, and the right to just compensation for the same shall vest in the person or persons entitled thereto; and said compensation shall be ascertained and awarded in said proceeding and established by judgment therein; and the said judgment shall include, as part of the just compensation awarded, interest at the rate of six per centum per annum on the amount finally awarded as the value of the property as of the date of taking, from said date to the date of payment; but interest shall not be allowed on so much thereof as shall have been deposited and paid into the court. No sum so deposited and paid into the court shall be subject to any charge for commission, deposit, or custody.

"Upon application of the parties in interest, the court may order that the money deposited in the court, or any part thereof, be paid forthwith for or on account of the just compensation to be awarded in said proceeding. If the compensation finally awarded in respect to said property, or any part thereof, shall

This section which was originally added to the Eminent Domain Act by § 2 of Act. No. 2 of April 1, 1941, Laws of Puerto Rico 1941, p. 286, is almost a literal copy of the Act of Congress of February 26, 1931, 46 Stat. 1421, 40 U.S.C.A. § 258a et seq.[9] The Supreme Court of Puerto Rico has accordingly held that it is to be similarly construed.[10] Section 5(a) authorizes the expropriating party in a condemnation proceeding to file at the time its petition is filed or at any time before a judgment is rendered a declaration of taking for the acquisition and material delivery of the property sought to be expropriated. As soon as such a declaration is filed and a deposit is made of the amount estimated as compensation and specified therein, title to the property vests in the petitioner. Thereupon "the court shall have power to fix the time within which, and the terms upon which, the natural or artificial person in possession of the property the object of the proceeding shall surrender material possession to the expropriating party."

It will thus be seen that while under Section 5(a) title to the property expropriated may be vested in the expropriating party immediately upon the filing of a petition for condemnation and of a declaration of taking, the possession of the property is not required to be surrendered to the expropriating party except upon order of the court and then only at the time and upon the terms which the court shall fix. In construing the similar provisions of Section 1 of the Federal Act of February 26, 1931, above referred to, this court in Puerto Rico Ry. Light & Power Co. v. United States, 1 Cir., 1942, 131 F.2d 491, 494, footnote 3, said: "But if the United States wishes to get immediate possession it must, as it did here, move for judgment on the declaration of taking, ordering the parties in possession to surrender possession on a designated day. In granting such a motion, the court necessarily has to decide, as it did here, that the taking was duly authorized by law."

The procedure under Section 5(a) of the Eminent Domain Act is identical to that under the Federal Act. If, upon a petition by the Communications Authority to obtain possession of the property sought to be condemned, the Telephone Company should raise the questions of illegality which it has raised in the present suit it would be necessary for the court before which the condemnation proceeding was

exceed the amount of the money so received by any entitled person, the court shall enter judgment against The People of Puerto Rico or the Insular Government, the corresponding housing authority, the municipality in question, or the Government of the Capital, as the case may be, for the amount of the difference.

"Upon the filing of the declaration of taking, the court shall have power to fix the time within which, and the terms upon which, the natural or artificial person in possession of the property the object of the proceeding shall surrender material possession to the expropriating party. The court shall have power to make such orders in respect to encumbrances and other charges, if any, burdening the property, as shall be just and equitable.

"No action whatever shall be taken under the provisions of this section, irrevocably binding The People of Puerto Rico to pay the compensation that may be definitively fixed, unless the head of the executive department or agency, bureau, or instrumentality of the government empowered to acquire the property certifies that he is of the opinion that the compensation definitively fixed will be within whatever limits are prescribed by the legislature of Puerto Rico in connection with the price or amount to be paid.

"*Provided*, That no appeal in any such cause nor any bond or undertaking given therein shall operate to prevent or delay the acquisition by, or the vesting of the title to such property in, The People of Puerto Rico, the corresponding housing authority, municipality, or Government of the Capital, as the case may be, and its material delivery thereto."

As amended by § 3 of Act No. 19 approved November 30, 1942, Laws of Puerto Rico, Second and Third Special Sessions 1942, p. 88.

9. Sagastivelza v. Puerto Rico Housing Authority, 1 Cir., 1949, 171 F.2d 563.

10. P. R. Ry., L. & P. Co. v. District Court, 1942, 59 P.R.R. 912, 928.

pending to consider those questions and to decide that they were without merit before it could make an order directing the Telephone Company to surrender to the Communications Authority possession of the portion of its system sought to be condemned.

The Telephone Company points to Section 5(c) [11] of the Eminent Domain Act as requiring a contrary conclusion. It is true that the first paragraph of that section provides that in any condemnation proceeding "the plaintiff, upon the filing of the petition, or at any time while the proceeding is pending, without regard to whether or not title has been taken under Section 5(a), may take possession of the property or any part thereof to the extent of the interest to be acquired, and may proceed with such use thereof or such works thereon or therewith as have been authorized by law." But the second paragraph of Section 5(c), provides, inter alia, that "The court shall have power to issue such orders as may be necessary to enforce the right of the plaintiff to the possession." The section thus recognizes that the surrender of possession of the condemned property is to be subject to the orders of the court. And before making such an order enforcing the "right of the plaintiff to the possession" the court obviously must, if the legality of the proceeding is challenged, determine whether there is a lawful right to possession on the part of the party seeking it.

 Reading Sections 5(a) and 5(c) together we must, therefore conclude that in any case, if a question of the legality of the condemnation is raised, the court may not direct surrender of possession of the condemned property to the expropriating party until it has determined that the condemnation proceedings are legal and valid. It necessarily follows that before the Telephone Company is compelled to surrender possession of the portion of its system sought to be expropriated it will have a full opportunity to assert and secure an adjudication of its defenses to the proposed condemnation in the Eminent Domain Court of Puerto Rico where the condemnation proceeding would be instituted, or in the United States District Court if the proceeding should be removed to that court.[12] It is obviously only the loss of possession of its property, not the mere transfer of naked title by a declaration of taking, which could occasion the irreparable injury feared by the Telephone Company. We, therefore, see no danger of such injury to the Telephone Company in the prospective condemnation proceeding in the insular courts. On the contrary the Eminent Domain Act affords to the Telephone Company a plain, adequate and complete remedy in those courts. It follows that the district court was right in concluding that it was without equitable jurisdiction to restrain the institution of that proceeding.

There is but one possible qualification to this conclusion. Section 5(a) of the Eminent Domain Act contains the final proviso "That no appeal in any such cause nor any bond or undertaking given therein shall operate to prevent or delay the acquisition by, or the vesting of the title to such property in, The People of Puerto Rico, the corresponding housing authority, municipality, or Government of the Capital, as the case may be, and its material delivery thereto." The Telephone Company argues that this provision will operate to prevent a stay of proceedings pending appeal if the order of the trial court should go against it. It urges that the remedy given it by the Eminent Domain Act is, therefore, inadequate because it will suffer irreparable injury if it is compelled pending appeal to obey an unstayed order to deliver possession and subsequently secures the reversal of that order. It may be questioned whether the concept of a "full, adequate and complete remedy at law" within the meaning of the rule limiting equitable

11. Added by Act No. 216 approved March 27, 1946, Puerto Rico Laws 1946, p. 422.

12. When diversity of citizenship and jurisdictional amount are present such a condemnation proceeding may be removed to the United States District Court. Traction Company v. St. Bernard Mining Madisonville Company, 1905, 196 U.S. 239, 25 S.Ct. 251, 49 L.Ed. 462.

jurisdiction necessarily includes a stay pending appeal or even the right of appeal itself. It has been held that "due process of law" within the meaning of the Fifth and Fourteenth Amendments does not include that right.[13] For the purposes of this appeal we shall assume, without deciding, that the right to appeal with a stay to prevent irreparable injury is necessary to make the legal remedy adequate and complete.

An authoritative construction of the proviso to Section 5(a) can, of course, come only from the Supreme Court of Puerto Rico, whose determination is this regard is binding upon us unless inescapably wrong.[14] It appears, however, that the Supreme Court has determined that the proviso does not operate to prevent a stay pending review by it of an order upholding the legality of condemnation proceedings and directing delivery of possession of the condemned property. For in P. R. Ry., L. & P. Co. v. District Court, 1942, 59 P.R.R. 912, the court granted just such a stay pending review by it on writ of prohibition or certiorari of an order of the District Court of Humacao which determined that the People of Puerto Rico had lawfully become vested with title to certain properties of Puerto Rico Railway, Light & Power Company pursuant to a petition and declaration of taking under Section 5(a) of the Eminent Domain Act, that the Company's attack upon the constitutionality of that section was without merit and that the Company should deliver possession of the condemned property within 15 days. The Supreme Court held that the officers who had instituted the eminent domain proceeding were not authorized by law to do so and that Section 5(a) was unconstitutional in so far as it did not adequately provide for the necessary funds to secure the payment of the compensation which might ultimately be awarded.[15] Accordingly the court held that the district court was without jurisdiction to issue its order for possession and granted the writ of prohibition.

■ In the light of this decision we cannot hold that the proviso to Section 5(a) would operate to prevent a stay of an order for possession directed to the Telephone Company, pending appellate review of the order upon the ground of illegality of the condemnation. On the contrary it seems clear that such a stay may and will be granted when important and substantial questions as to the lawfulness of the taking are sought to be raised on appeal. It is, of course, nonetheless possible that a court in the condemnation proceeding might erroneously hold that the proviso prevents it from staying an order for the delivery of possession of the condemned property pending appellate review of its legality. Moreover if the condemnation proceeding should be removed to the United States District Court appellate review could not be had until the final judgment in the proceeding,[16] it being doubtful whether this court would have the same power as the Supreme Court of Puerto Rico to issue a writ of prohibition in such a case.[17]

■ We may assume, without deciding, that in such circumstances the remedy given by the Eminent Domain Act might not prove to be fully adequate in this respect. But we do not need to anticipate such a situation for even if it should arise the Telephone Company would not be entitled to equitable relief unless it could show that irreparable injury would otherwise result.[18] And strong reasons of public policy

13. See Dohany v. Rogers, 1930, 281 U.S. 362, 369, 50 S.Ct. 299, 74 L.Ed. 904.

14. DeCastro v. Board of Comm'rs of San Juan, 1 Cir., 1944, 322 U.S. 451, 64 S.Ct. 1121, 88 L.Ed. 1384.

15. This vice in the Eminent Domain Act was cured by the addition of Section 5(b) by Act No. 19 approved November 30, 1942, Special Sess. Laws 1942, p. 94. McCormick v. Marrero, Judge, 1944, 64 P.R.R. 250.

16. Catlin v. United States, 1945, 324 U.S. 229, 65 S.Ct. 631, 89 L.Ed. 911.

17. See Wabash R. Co. v. Duncan, 8 Cir., 1948, 170 F.2d 38, certiorari denied 336 U.S. 904, 69 S.Ct. 490, 93 L.Ed. 1069.

18. State Corporation Comm. of Kansas v. Wichita Gas Co., 1934, 290 U.S. 561, 568, 54 S.Ct. 321, 78 L.Ed. 500.

demand that the federal court of equity withhold its hand as long as possible so as to permit the insular courts to consider and decide the questions of Puerto Rican law which the Telephone Company raises.[19] It will, therefore, be time enough for the Telephone Company to seek an injunction if and when its defenses in the condemnation proceeding are overruled and it is ordered to deliver possession of the condemned property if the court refuses a stay pending appellate review and if it is able to show irreparable injury if the unstayed order is obeyed and later reversed. If and when that situation arises the United States District Court will be open to restrain the transfer of possession of the condemned property pending appellate review of the legality of the condemnation. See City of Terre Haute v. Farmers' Loan & Trust Co., 7 Cir., 1900, 99 F. 838.

Being of opinion that the Eminent Domain Act, as amended, will afford the Telephone Company an adequate remedy against the alleged illegal condemnation of its property we conclude that the district court rightly dismissed the complaint.

The judgment of the district court will be affirmed.

19. State of Georgia v. City of Chattanooga, 1924, 264 U.S. 472, 483, 44 S.Ct. 369, 68 L.Ed. 796.